DOUGLAS, APPELLANT, *v.* HUBBARD, APPELLEE.

(No. 4219—Decided December 5, 1951.)

*Mr. Rufus L. Thompson* and *Mr. Joseph D. Roulhac,* for appellant.

*Messrs. Holub & Holub,* for appellee.

HUNSICKER, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Summit County, Ohio. The trial court rendered judgment for the defendant, Hubbard, upon the petition and opening statement of counsel for plaintiff, Douglas. In so far as this appeal is concerned, we must ac-

cept as established, the allegations of such petition and the opening statement of appellant, Douglas.

The operative facts are that: Douglas and Hubbard entered into an oral agreement, whereby Douglas was to purchase a motor vehicle (in this case a truck) and operate it under a contract which Hubbard had with a third party; the oral agreement provided that the legal title (certificate of title) was to be taken in the name of Hubbard; the purchase price for the truck was paid by Douglas, who, in the course of its use, paid all the expense of upkeep and operation; Hubbard received from Douglas a monthly payment for the right to carry merchandise under the contract which Hubbard had with the third party; the truck was damaged in a collision; and Hubbard then took possession of the truck and denied to Douglas the right to have or operate it.

Douglas, claiming to be the owner in equity of the truck upon the theory of a purchase money resulting trust, sought to have the legal title transferred to him from his trustee, Hubbard, and an accounting for the earnings of said truck during the time Hubbard had operated it as his own property.

At the outset of our discussion, we are met with the requirements of the certificate of title law, Section 6290-2 *et seq.*, General Code, and especially Section 6290-4, General Code, which is as follows:

"No person acquiring a motor vehicle from the owner thereof, whether such owner be a manufacturer, importer, dealer or otherwise, hereafter shall acquire any right, title, claim, or interest in or to said motor vehicle until he shall have had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for the same; nor shall any waiver or estoppel operate in favor of such person against a person having posses-

sion of such certificate of title or manufacturer's or importer's certificate for said motor vehicle for a valuable consideration. No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

The Ohio certificate of title law was enacted "to prevent the importation of stolen motor vehicles and thefts and frauds in the transfer of title to motor vehicles * * *." 117 Ohio Laws, 373.

Many cases have been presented to the courts of Ohio involving the force and effect of Section 6290-4, General Code. The pattern of many of these cases is an attempt, by one, not the holder of a certificate of title, to gain possession of a motor vehicle from a party who purchased such motor vehicle in good faith from the then holder of a certificate of title, such purchaser receiving from the vendor a certificate of title valid on its face. This situation prevailed in the latest pronouncement of the Supreme Court of Ohio in the case of the *Kelley Kar Co.* v. *Finkler,* 155 Ohio St., 541, 99 N. E. (2d), 665.

In the case of *Automobile Finance Co.* v. *Munday,* 137 Ohio St., 504, 30 N. E. (2d), 1002, a certificate of title fraudulently procured and relied upon was used to assert title against an innocent purchaser for value, to whom possession of the motor vehicle was given by a participant in the fraud. The court denied to the plaintiff finance company, the holder of such certificate of title so fraudulently obtained, the right to possession of such motor vehicle.

In the case of *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, the plaintiff

sued to recover for property damage to an automobile which he claimed to own. At the trial, the plaintiff testified that he owned the automobile, but he did not offer in evidence a certificate of title in his name. The court said, at page 534 of the opinion: "His [plaintiff's] own testimony as to his ownership, coupled with his possession of the automobile, was some such evidence. It was not sufficient under Section 6290-4, General Code, and, therefore, the verdict, in the absence of evidence of certificate of title, was not sustained by sufficient evidence * * *."

In all of the cases we have been able to find, the courts have discussed the subject of legal title and the evidence of ownership of sufficient weight to sustain a verdict or judgment, where such legal title has been in issue.

In the instant case, we do not have the question of a certificate of title to a motor vehicle secured by fraud, or of a third party who purchased a motor vehicle in good faith relying on the indicia of title contained in a valid certificate of title. We do have an action by one claiming to be the purchaser of a motor vehicle, who, through agreement at the time of such purchase, placed the legal title in a person from whom he now seeks to secure a transfer of such legal title; such purchaser claiming that the beneficial interest in the motor vehicle remained with him, the purchaser, while the legal title was in another.

We come, then, to the controlling question in this appeal, which may be stated as follows: Do the terms of Section 6290-4, General Code, prevent the creation of a trust, the corpus of such trust being a motor vehicle?

Was it the intention of the Legislature, when it enacted the certificate of title law, to remove from the law of trusts that species of personal property known

as motor vehicles, so that under no circumstances could the legal title, as evidenced by a certificate of title, be in one person and the beneficial interest remain in another? We do not believe that any such thought was in the legislative mind when it enacted the statute in question.

Under the claims of the plaintiff (appellant), Douglas, we have alleged a typical case of a resulting trust, which is: A is the owner of a motor vehicle. B buys, from A, the motor vehicle, and asks that the certificate of title be executed in the name of C, his friend. There is no expressed intention on the part of B that a trust in such property be created, there is nothing to show that a gift was intended, and it must be assumed that B did not intend to give away his property without getting something in return. Courts of equity, where the evidence is sufficient in such cases, have held that B is entitled to the beneficial interest in the property so purchased. In all of such cases, the courts of equity have compelled a transfer of the legal title to the owner of the beneficial interest upon his request therefor.

A resulting trust arises in favor of the person who transfers property or causes it to be transferred, under circumstances raising an inference that he intended to transfer to the other a bare legal title and not to give to such other the beneficial interest in such property. Ohio has always recognized the propriety of one who is the owner of property, to create a trust, which is a right enforceable in equity, to the beneficial enjoyment of such property, while the legal title is in another. The Legislature, in the enactment of the certificate of title law, was concerned with legal title and not beneficial interests. By this legislation, the legislators sought to prevent fraud in the sale of motor vehicles and the sale of stolen motor vehicles. It

was not intended to change the substantive law and place motor vehicles outside of the operation of the law of trusts.

Douglas, the plaintiff, by this action, brought against his trustee, Hubbard, sought, under the principles of the law of trusts, to compel a transfer of the legal title from Hubbard to himself. The trial court, by the judgment entered herein, denied to the plaintiff the right to establish a purchase money resulting trust. As we have above explained, the title with which the statute (Section 6290-4, General Code) is concerned is legal title, and such statute does not preclude the plaintiff (Douglas) from showing that such a trust was created.

The judgment is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

DOYLE and STEVENS, JJ., concur.