In the Matter of ROBERT E. LEE, Inc., Bankrupt.

No. 71937.

United States District Court, N. D. Ohio, E. D.

March 15, 1955.

I, William B. Woods, Referee in Bankruptcy, in charge of the above proceedings, do hereby certify:

Harry C. Bogart, Elyria, Ohio, for The Grafton Lumber & Concrete Co.

Meyer Gordon, Lorain, Ohio, Richard S. Horan, Elyria, Ohio.

JONES, Chief Judge.

This matter is before the court on review of an order of the Referee in Bankruptcy approving the sale of a Ford dump truck by the Trustee of the bankrupt corporation.

Briefly, the facts are these. "In 1952, Carlton E. Lee purchased a Ford dump truck and title was issued in his name. In September, 1953, upon incorporation of Robert E. Lee, Inc. "A General Con-tractor", Carlton E. Lee, a director and officer of said company, conveyed certain assets to the corporation among which was the truck in question, in consideration for $2,000 in corporation stock. Title, however, was not assigned to the company but remained in the name of Carlton E. Lee. In February, 1954, a chattel mortgage was executed by Carlton E. Lee to the Grafton Lumber & Concrete Company for $3,000, covering the truck. On May 4, 1954, Carlton E. Lee acknowledged in writing that the truck had become the property of the company at the time of incorporation (September, 1953) and stated that " * * * title will be transferred at the next license year beginning." On May 19, 1954, the chattel mortgage (supra) was filed for recordation by the Grafton Lumber & Concrete Company. On May 25, 1954, Robert E. Lee, Inc., filed a petition in bankruptcy.

Upon these facts and the applicable law, the Referee found:

(1) That ownership of the truck had passed to the company upon incorporation in September, 1953, because, although bare legal title thereafter remained in Carlton E. Lee, the company had paid for the truck ($2,000 in corporation stock), used the truck in its business, and advertised the truck as its own by placing the company insignia on either side of the truck; that in law, a resulting trust had been created in favor of the company.

(2) That the chattel mortgage executed in February, 1954 created a preference in favor of the Grafton Lumber & Concrete Company long a creditor of Robert E. Lee, Inc., but at no time a personal creditor of Carlton E. Lee.

(3) That upon bankruptcy ownership of the truck paid for by the corporation vested in the Trustee.

(4) That the certificate of title showing ownership in Carlton E. Lee is voidable as to the Trustee in Bankruptcy.

Petitioner contests the Referee's finding contending that Ohio Statute, Re-

928

vised Code, § 4505.04 specifically excludes any evidence as to ownership of a motor vehicle other than the certificate of title, and particularly so in this case since Grafton was an innocent third party purchaser. It is petitioner's conclusion that by virtue of the chattel mortgage, it, not the Trustee, is the rightful owner of the truck.

■■ Upon review of the pleadings and transcripts on file and the cases and statutes cited, the court is satisfied that the conclusions of law and findings of fact by the Referee are just and accurate. The case of Douglas v. Hubbard, 1951, 91 Ohio App. 200, 107 N.E.2d 884, is inequivocal in stating that the law of trusts may be applied in determining ownership of a motor vehicle under Section 4505.04 (supra). It is also a settled principle of law that a creditor's preference will be disallowed when shown to have been created in contemplation of insolvency. Revised Code of Ohio, Sections 1335.02, 1313.56, 1313.57, Bankruptcy Act, § 67, sub. d(2, 5), 70, subs. c and e, 11 U.S.C.A. §§ 107, sub. d(2, 5), 110, subs. c and e, and In re Wright Industries, D.C., 93 F.Supp. 58.

In applying the stated law to the facts in this case, the Referee was confronted with the problem of sifting the truth of the parties' intentions from a questionable series of transactions. And upon the record as a whole his finding that ownership of the truck was intended to and did pass to the corporation prior to the execution of the chattel mortgage (although bare legal title remained in another), and that said mortgage could only have been executed to cover a corporation debt at a time when the parties to the mortgage were or should have been aware of the company's insolvency, or when bankruptcy was actually contemplated, is the only logical conclusion to be reached.

Accordingly, the petition for review will be denied and dismissed and the order of the Referee approved and confirmed.