**In the Matter of EASY LIVING, INC., Bankrupt.**

**ASSOCIATES DISCOUNT CORPO-RATION, Appellant,**

v.

**Clifton E. PLATTENBURG, Trustee, Appellee.**

**No. 18546.**

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1969.

Richard L. Cousineau, Dayton, Ohio, for appellant, Shaman, Winer, Shulman & Ziegler, Dayton, Ohio, on the brief.

Clifton E. Plattenburg, Jr., Dayton, Ohio, for appellee, Kuhns & Plattenburg, Dayton, Ohio, on the brief.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and Mc-ALLISTER, Senior Circuit Judge.

WEICK, Chief Judge.

Associates Discount Corporation (Associates) has appealed from an order of the District Court affirming a decision of the Referee in Bankruptcy denying its liens on two mobile homes.

Prior to its bankruptcy, the dealer, Easy Living, Inc., had sold and delivered the two mobile homes to two purchasers in consideration of cash down payments and the execution of negotiable promissory installment notes and security agreements evidencing and securing the balance of the purchase price. The dealer discounted the paper with Associates and received payment in full of the purchase price of the mobile homes. The notes were endorsed by the dealer to Associates and the security agreements were assigned to it. In the assignment of the security agreements the dealer warranted its title and right to sell to the purchasers and agreed that a certificate of title, with the assignee's first lien noted thereon, has been or will be issued for the vehicles.

The dealer did not have certificates of title for the mobile homes at the time of sale, as required by Ohio law, but procured the certificates about one and one-half years later and prior to bankruptcy. The certificates of title were issued by the Clerk of Courts in the name of the dealer, but no lien was shown thereon. Instead, the dealer executed the assignment form on the back of the certificates of title without filling in the name of the assignee or the other blank spaces provided on the form, and delivered the certificates of title to Associates to hold as security for the payment of the notes and security agreements.

Upon the bankruptcy of the dealer, the Trustee in Bankrupty seized possession of the two mobile homes which were in the hands of the purchasers, claiming them as assets of the bankrupt's estate. He applied to the court for an order determining that he was the sole owner of

the mobile homes and entitled to the proceeds of sale thereof.

Associates made application to the court for an order requiring the Trustee in Bankruptcy to cause certificates of title for the two mobile homes to be issued in the names of the two purchasers thereof with notations of its liens thereon.

The Referee in Bankruptcy held that the two purchasers of the mobile homes were innocent purchasers for value, and ordered the Trustee to cause certificates of title to be issued to them upon payment to the Trustee of the balance of the purchase price. The Referee denied Associates' application to have its lien noted on the certificates of title. He ordered Associates to account to the Trustee for the sums which it had collected from the purchasers subsequent to its bankruptcy, and held that the Trustee in Bankruptcy was entitled to receive the balance due on the purchase price. In proceedings to review the Referee's order, the District Court affirmed.

We modify the order of the District Court by affirming that part of it which ordered the Trustee in Bankruptcy to cause certificates of title to be issued for the mobile homes to the two purchasers. We reverse the residue of the order and order the Trustee in Bankruptcy to cause the liens of Associates to be noted on the certificates of title.

Ohio's Certificate of Title law provides in part as follows:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with sections 4505.01 to 4505.19, inclusive, of the Revised Code." (Ohio Rev.Code Sec. 4505.04)

"Any security agreement covering a security interest in a motor vehicle * * * in the case of a certificate of title, if a notation of such instrument has been made by the clerk of the court of common pleas on the face of such certificate, shall be valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants." (Ohio Rev.Code Sec. 4505.13)

Section 70(a) of the Bankruptcy Act [1] vests in the Trustee in Bankruptcy by operation of law the title to the bankrupt's property as of the date of bankruptcy.

It was the theory of the Trustee in Bankruptcy that since the bankrupt dealer was named as the owner in the certificates of title, the Trustee became the sole owner of the mobile homes because of the clear language of Ohio Revised Code Sec. 4505.04.

However, neither the Referee nor the District Judge upheld this contention. They held that the rights of innocent purchasers for value were superior to those of the Trustee in Bankruptcy. The Trustee in Bankruptcy is not an innocent purchaser for value but takes title to the bankrupt's property subject to all liens, claims and equities existing thereon. In re Alikasovich, 275 F.2d 454 (6th Cir. 1960), *aff'd sub nom.* Lewis v. Manufacturers Nat'l Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961). The validity of all such liens, claims and equities is to be determined by local state law. Hertzberg v. Associates Discount Corp., 272 F.2d 6 (6th Cir. 1959).

The Ohio Certificate of Title law was enacted "to prevent the importation of stolen motor vehicles and thefts and frauds in the transfer of title to motor vehicles * * *." 117 Ohio Laws, 373.

The Supreme Court of Ohio held in In re Case, 161 Ohio St. 288, 118 N.E.2d 836 (1954):

"Section 6290-4, General Code (Section 4505.04, Revised Code), makes evidence inadmissible to dispute the title of one to whom a motor vehicle certifi-

cate of title is issued pursuant to the provisions of the Ohio Certificate of Title Act *except evidence to establish fraud which would cause such certificate of title to be voidable.*" (Syl. 2) (Italics ours)

A resulting trust was declared in Douglas v. Hubbard, 91 Ohio App. 200, 107 N.E.2d 884 (1951), *appeal dismissed,* 157 Ohio St. 94, 104 N.E.2d 182 (1952). Douglas was followed by District Judge Jones' decision in In re Robert E. Lee Inc., 129 F.Supp. 920 (D.C.Ohio, 1955).

The latest expression of the Supreme Court of Ohio was in the case of Hardware Mut. Cas. Co. v. Gall, 15 Ohio St.2d 261, 240 N.E.2d 502 (decided Sept. 18, 1968), which held:

"Under the provisions of the Ohio Certificate of Motor Vehicle Title Act, absent any question of estoppel arising from an act of the owner, a thief cannot convey valid title to a stolen motor vehicle to a bona fide purchaser for value without notice, although the certificate of title used in the purported transfer appears valid on its face. (Paragraph three of the syllabus of Atlantic Finance Co. v. Fisher, 173 Ohio St. 387, 183 N.E.2d 135, approved and followed. Paragraphs three and four of the syllabus of Commercial Credit Corp. v. Pottmeyer, 176 Ohio St. 1, 197 N.E.2d 343, overruled.)" (Syl. 3)

The Supreme Court, in applying equitable principles, said:

"When one of two innocent persons must suffer from the fraud of a third, the one who made it possible for the fraud to be perpetrated must bear the loss." (Id. at 267, 240 N.E.2d at 506)

The only authority cited by the District Judge in his opinion was the third syllabus in Commercial Credit Corp. v. Pottmeyer, 176 Ohio St. 1, 197 N.E.2d 343, which he quoted as authority. The only trouble with *Pottmeyer* is that its third syllabus was overruled in *Gall.* In fairness to the District Judge, it should be pointed out that *Gall* was decided subsequent to his decision.

The Certificate of Title law further provides:

"In the case of the sale of a motor vehicle by a dealer to a general purchaser or user, the certificate of title shall be obtained in the name of the purchaser *by the dealer* upon application signed by the purchaser. * * * In all cases of transfer of motor vehicles the application for certificate of title shall be filed within seven days after the delivery of such motor vehicle." (Italics ours) (Ohio Rev.Code Sec. 4505.06)

The dealer violated this statute and also the clause contained in the assignments of the security agreements to Associates.

In Klaustermeyer v. Cleveland Trust Co., 89 Ohio St. 142, 105 N.E. 278 (1913) the Supreme Court of Ohio held:

"In a transaction founded on contract, express or implied, there being no adequate remedy at law for its breach, equity will presume the parties to have done what, under the contract and in good conscience, they should have done." (Syl. 1)

"When one party to such contract has fully performed his part of the contract for the benefit of the other party, the second party will not be permitted to defend against the first party's right of redress in equity by a defense based on the second party's own default." (Syl. 2)

"The assignee for the benefit of the creditors takes the property assigned charged with all the liens, incumbrances and liabilities against it while owned and possessed by the assignor." (Syl. 4)

Since equity regards as done that which in good conscience should have been done, the District Court was correct in ordering the Trustee to comply with the Ohio statute by causing certificates of title to be issued to the innocent purchasers who were defrauded by the bankrupt.

In our opinion, Associates is a holder in due course of the promissory

notes and the security agreements and is entitled to the same protection. The bankrupt, having agreed with Associates to cause the certificates of title to be issued in the name of the purchasers with the liens of Associates noted thereon, the Trustee is bound by that agreement and should be ordered to carry it out.

It should be noted that the liens of Associates are not on property belonging to the bankrupt. They are on the mobile homes which were never properly assets of the bankrupt's estate. The allowance of the liens therefore will result in no loss to the bankrupt's estate but will prevent its being unjustly enriched with a windfall.

Judgment modified and reversed and remanded with instructions to order the Trustee in Bankruptcy to cause certificates of title to be issued to the purchasers with the liens of Associates noted thereon.