RITTENOUR, APPELLANT, *v.* SMITH ET AL., APPELLEES.

(No. 203—Decided October 15, 1958.)

*Mr. John Rittenour* and *Mr. W. T. Reed,* for appellant.

*Mr. Charles H. Smith,* for appellees The Portsmouth Times and Basic Construction Materials.

*Mr. David Howell,* for appellee Jackson Sand & Mining Company.

*Mr. Wray Bevens* and *Messrs. McNamara & McNamara,* for appellees H & N Construction Company and Blake Brothers.

COLLIER, P. J.  This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Pike County, Ohio.  The cause is submitted to this court upon a transcript of the evidence taken in the trial of the case in the Common Pleas Court.

The action is on a promissory note dated February 2, 1955, in the sum of $31,754.30, given by the defendant William H. Smith, hereinafter referred to as Smith, and to foreclose a mortgage executed by Smith to secure the note.

The defendants still in the case are William H. Smith, Basic Construction Materials, the Jackson Sand & Mining Company, The Portsmouth Times, Wedsel Holbrook and Roy Nash doing business as H & N Construction Company, and John Blake and Floyd Blake doing business as Blake Brothers, a joint venture, hereinafter referred to as H & N.

The defendants The Portsmouth Times, Basic Construction Materials, and the Jackson Sand & Mining Company in their cross-petitions claim to be judgment creditors of the defendant Smith. The defendants Holbrook, Nash, and John Blake and Floyd Blake referred to as H & N, filed a joint answer and cross-petition claiming the sum of $12,467.66 due on contracts of November 29 and December 8, 1954, with the defendant Smith, and the Piketon Development Company, to which Smith had deeded lot No. 121, of the Rittenour Addition to the village of Piketon, for labor and materials furnished in the construction of a dwelling house on such lot. These defendants also claim the sum of $11,000 for labor and materials furnished in the erection of a dwelling house on lot 146 of the addition, which lot Smith conveyed to the Piketon Development Corporation, and they further allege that Piketon Development Corporation had executed a mortgage to the cross-petitioners covering lots Nos. 121 and 146 to secure the indebtedness and that plaintiff has security on lots other than 121 and 146, out of which he can satisfy his claim. The prayer of this cross-petition is for judgment in the sum of $24,218.66, plus interest, that the lots be sold and that these defendants be paid such amount from the proceeds of sale. In an amended answer these defendants further claim that they contracted to and did build a house on lot 147 of the addition, upon which there is due them the sum of $10,176, for which they hold a mortgage executed June 13, 1956, the same as on the other two numbered lots.

The plaintiff in his reply to said answer and cross-petition denies any knowledge of any agreement or agreements between Smith and H & N Construction Company as alleged in its cross-petition. The following brief statement of facts as shown by the record is sufficient to understand the questions to be determined in this case: plaintiff was the owner of the three lots, Nos. 121, 146, and 147, of the Rittenour Addition to the village

of Piketon, Pike County, Ohio. There were other lots included in the transactions between the plaintiff and Smith which are not involved in this litigation. An agreement was entered into between plaintiff and Smith by the terms of which Smith was to erect houses on these lots and, upon payment of the sum of $1,000 by Smith to the plaintiff, the plaintiff would release the lot to the purchaser. Later, the plaintiff having expended the sum of $423.94 in the construction of sewers, the amount for the release of each lot was increased to the sum of $1,423.94. On February 2, 1955, the plaintiff executed a deed to Smith for these lots and Smith executed a note payable to the plaintiff six months after date and also a mortgage to the plaintiff to secure the purchase price of the lots. The deed and mortgage were recorded February 4, 1955. Lot No. 147 was included in the deed from plaintiff to Smith but by mistake or inadvertence was omitted from the mortgage given by Smith to the plaintiff. The evidence clearly shows lot No. 147 should be included in the mortgage. In November and December 1954, H & N entered into an agreement with Smith to construct houses on lots Nos. 121, 146 and 147, and did erect houses on those lots with knowledge that the plaintiff had agreed in writing with Smith to release each lot from the mortgage upon the payment of the sum of $1,423.94 to the plaintiff. Houses were constructed on four other lots not involved in this litigation and releases executed by the plaintiff upon the payment of such amount.

Smith had financial difficulties and, in order to avoid pressure from his creditors, organized a corporation known as the Piketon Development Corporation, of which he was president and the principal stockholder and his wife was secretary. Smith executed deeds for all the lots received from plaintiff, including lots Nos. 121, 146 and 147, to the Piketon Development Corporation. Smith's financial situation did not improve and he abandoned the project and removed to Denver, Colorado, where he now resides.

Service of summons on the petition was obtained by publication. Subsequent to the filing of the petition, on June 13, 1956, the Piketon Development Corporation executed a second mortgage to H & N on these three lots to secure the amount due H & N for the erection of houses on the lots. There was no

service of summons, either personal or by publication, on the cross-petition of H & N upon Smith or the Piketon Development Corporation. Neither Smith nor the Piketon Development Corporation filed any pleading or made an appearance in this case.

It is the contention of the plaintiff that since there was no service of summons on the cross-petition of H & N any judgment rendered thereon is void. With this contention we agree. It is held in the first paragraph of the syllabus in *Southward* v. *Jamison*, 66 Ohio St., 290, 64 N. E., 135:

"So long as a cross-petition in an action is strictly confined to 'matters in question in the petition,' the summons issued on the petition would be sufficient notice to sustain a judgment rendered on the cross-petition; but when the cross-petition sets up matters which are not drawn 'in question in the petition,' and seeks affirmative relief against a codefendant, of a nature different from that sought in the petition, a summons to the party to be charged, issued on the petition, will not confer jurisdiction to render judgment on the cross-petition, especially when the cross-petition is filed after the defendant thereto is in default for answer to the petition, and à summons on the cross-petition in such case is necessary."

The cross-petition of H & N clearly sets up matters not drawn in question in the petition and seeks affirmative relief from the codefendant, Smith, on a second mortgage which had not been executed when the petition was filed. On this authority the court was without jurisdiction to render judgment on the cross-petition of H & N. However, as held in *Preston, Trustee,* v. *Brown,* 35 Ohio St., 18, the court is not precluded from treating the cross-petition as properly in the case, for the purpose of considering and awarding the defendant compensation, in equity, for valuable improvement upon the land.

It is undisputed that the plaintiff in writing agreed with Smith to accept $1,423.94 and "at any time payment is made in said amount I hereby agree to release one lot from said mortgage." H & N, while constructing the houses on the lot, had knowledge of this agreement between plaintiff and Smith. The trial court found from conflicting evidence that the plaintiff knew that H & N was erecting houses on these lots and thus enhancing their value. An appellate court is required to give

credence to this conclusion of the lower court. In *Johnson* v. *Tilden*, 23 C. C. (N. S.), 161, 34 C. D., 180, it is held, in the second paragraph of the headnotes:

"In an action in equity for the recision of a contract, heard upon a transcript of the evidence in the court below where there is some uncertainty as to the weight of the evidence, an appellate court will accept the conclusions of the trial court which saw the witnesses face to face, and had better opportunity to judge of their credibility."

See, also, 3 Ohio Jurisprudence (2d), 665, Section 713.

Whether on the theory of unjust enrichment or estoppel, the plaintiff having agreed to accept this certain amount for the release of each lot and H & N having made the improvement with knowledge of the agreement between plaintiff and Smith and having relied thereon, it would be unjust and inequitable for the plaintiff to be permitted to accept the benefits of the enhanced value of the lots to the detriment of H & N, who acted in good faith. H & N are not in this case as judgment creditors, but may not be excluded from asserting their claim for compensation for expenses in enhancing the value of the premises.

In considering the issues in this case we make no distinction between Smith and the Piketon Development Corporation. They are for all practical purposes one and the same person. The conveyance of the lots by Smith on February 22, 1955, to the corporation was simply a conveyance from himself to himself. Smith was the corporation and the corporation was Smith.

In determining the priority of liens as between H & N, The Portsmouth Times, Basic Construction Materials, and the Jackson Sand & Mining Company, the record discloses that these creditors made no objection to the construction of the houses on the lots by H & N and should not now, in equity, be allowed to benefit by the expenditures made by H & N in increasing the value of the lots.

The judgment of the lower court is that the plaintiff recover judgment against Smith in the sum of $26,058.54, with five per cent interest from February 2, 1955; that a decree and foreclosure issue and the property be sold; that from the proceeds of sale of the three lots plaintiff first be paid the sum of $1,423.94 as to each lot and that H & N be next paid from the sale of lot

No. 121 the sum of $11,000, with six per cent interest from June 13, 1956, from the sale of lot No. 146 the sum of $11,000, with six per cent interest from June 13, 1956, and from the sale of lot No. 147, the sum of $10,176, with six per cent interest from June 13, 1956; that from the amount remaining, the judgment liens of the other defendants be paid in order of priority.

For the reasons above set forth, in our opinion, the judgment of the lower court is fair and equitable to all parties concerned, and an entry similar to that journalized in the lower court may be drawn and submitted for approval by this court.

*Judgment accordingly.*

GILLEN and RADCLIFF, JJ., concur.

(Decided October 15, 1958.)

ON APPLICATIONS for rehearing.

*Per Curiam.* This cause is before the court upon the applications of the plaintiff, appellant herein, and the defendants, The Basic Construction Materials, Division of New York Coal Company, and The Portsmouth Times for rehearing.

The chief contentions in support of the applications for rehearing are: (1) that the court erred in its original decision and judgment in reforming the mortgage to include lot No. 147; (2) that the court erred in granting judgment to H & N Construction and Blake Brothers on its cross-petition; (3) that the court erred in determining that the judgment liens of the Portsmouth Times, The Basic Construction Materials, and the Jackson Sand & Mining Company, are inferior to the judgment and claims of the plaintiff and H & N Construction and Blake Brothers in the distribution of the proceeds of the sale of lot No. 147; and (4) that the court erred in the assessment of costs. These contentions will be considered in the order stated.

(1) An examination of the record clearly discloses that lot No. 147 was omitted from the mortgage by mutual mistake; that neither the mortgagor nor mortgagee knew of the omission until the time of trial in the Common Pleas Court; and that both

the mortgagor and mortgagee agreed that it was their intention to include that lot in the description of the property in the mortgage. There is no merit in this contention.

(2) The original judgment entry is erroneous and inconsistent with the decision of this court in that the entry recites that the defendant, appellee herein, the H & N Construction, and Blake Brothers were granted a personal judgment against William H. Smith and the Piketon Development Corporation on their cross-petition. Since there was no issuance or service of summons on Smith or the Piketon Development Corporation, there could be no judgment taken on this cross-petition and this court so held in our decision on the authority of *Southward* v. *Jamison*, 66 Ohio St., 290, 64 N. E., 135. However, on the equitable principle as announced in *Preston, Trustee,* v. *Brown,* 35 Ohio St., 18, this cross-petition was treated as a claim for compensation, in equity, for valuable improvement upon the land. After considering the evidence we reached the same conclusion as the trial court, and compensation in the amount of the improvement on the land was awarded accordingly, but not in the form of a personal judgment as recited in the original journal entry.

(3) Upon further consideration of the priority of the claims, we find it necessary and proper to make some changes in the original entry. Plaintiff's mortgage was dated February 2, 1955. The mortgage was not corrected to include lot No. 147 until August 28, 1957, in the trial court. During the time intervening the three small judgment creditors perfected their liens on all lots, including lot No. 147. The correction of the mortgage to include lot No. 147 became effective when the correction was made, which was August 28, 1957. *Clements* v. *Doerner,* 40 Ohio St., 632. The equitable award to H & N Construction and Blake Brothers for improvement of the property became effective on the date such award was made in the trial court, which was August 28, 1957. Therefore, The Portsmouth Times, Basic Construction Materials, and the Jackson Sand & Mining Company are entitled to priority in the distribution of the proceeds of the sale of lot No. 147 over both the plaintiff and H & N Construction and Blake Brothers, and these three creditors are also entitled to priority in the distribution of the proceeds of the

sale of lots Nos. 121 and 146 over the equitable award of compensation to H & N Construction and Blake Brothers, the liens of these three creditors having been perfected prior to the date of such award. Plaintiff's mortgage lien on lots Nos. 121 and 146 is prior to the claims of the three small creditors, such mortgage lien having been acquired prior to the dates of the judgments.

(4) Upon reconsideration of the assessment of costs, in our opinion, the costs of the entire action in both the Court of Common Pleas and this court should be assessed against the plaintiff and H & N Construction and Blake Brothers on a pro rata basis on the amount each receives from the proceeds of the sale of the property after payment of taxes.

In order to avoid further delay in the disposition of this case, we have prepared and approved a journal entry disposing of the issues in accordance with this decision and have filed the same with the clerk of courts, saving exceptions of all parties.

*Judgment accordingly.*

COLLIER, P. J., GILLEN and RADCLIFF, JJ., concur.