HOUSEHOLD FINANCE LOAN CORPORATION OF OHIO *v.* WEISMAN, APPELLEE; MUSARRA, APPELLANT.

(No. 11389—Decided March 28, 1984.)

*Mr. Jack Morrison, Jr.,* for Household Finance Loan Corp. of Ohio.
*Mr. Melville Kaforey,* for Walter Weisman, appellee.

BAIRD, P.J. On February 25, 1983, Household Finance Loan Corporation filed a complaint to foreclose on a mortgage on the property at 4238 State Park Drive in Akron. Anna Musarra, who had purchased the property from the mortgagor Walter Weisman, was named as a co-defendant in Household Finance's complaint. Certified mail service of Household Finance's complaint on Musarra was returned unclaimed and service of the complaint was perfected by regular mail pursuant to Civ. R. 4.6(D) on March 21, 1983. Musarra never filed an answer to this complaint.

On March 25, 1983, Weisman filed a cross-claim against Musarra alleging a breach of the land contract and seeking to recover $23,526.05. Counsel for Weisman mailed a copy of this complaint to Musarra by regular mail pursuant to Civ. R. 5(B). Musarra never filed an answer, and on May 12, 1983, the court granted Weisman a default judgment against Musarra. On June 15, 1983, Musarra moved to vacate the judgment claiming lack of service. After hearing, the court determined that service had been proper under Civ. R. 4.6(D) and 5(B) and denied Musarra's motion. Musarra appeals.

### Assignments of Error
"1. The court erred in overruling the motion of defendant-appellant Musarra to vacate the judgment taken by appellee Weisman.

"2. The judgment taken by Weisman is not sustained by the evidence offered by Weisman and is against the manifest weight of the evidence.

"3. The judgment taken by Weisman against appellant Musarra is contrary to law."

Civ. R. 5(B) describes the methods of service for pleadings subsequent to the original complaint. Weisman argues that since Household Finance's original complaint was properly served on Musarra, Civ. R. 5(B) defined the appropriate means of service for his cross-claim. Civ. R. 5(A), however, provides:

"* * * No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 through Rule 4.6."

Thus, where a new or additional claim has been asserted against a party, as long as such party is in default of answer to the original complaint, no judgment may properly be rendered on such claim until the pleading asserting it has been served on such party in the manner provided for service of summons. The record reflects and the parties agree that service of the cross-claim was not obtained pursuant to Civ. R. 4 through 4.6.

A default judgment entered where service of process was faulty is void. *Westmoreland* v. *Valley Homes Corp.* (1975), 42 Ohio St. 2d 291 [71 O.O.2d 262]. Accordingly, we reverse the decision of the trial court and remand for further proceedings.

*Judgment reversed and cause remanded.*

MAHONEY and QUILLIN, JJ., concur.