KRAL BUILDERS SUPPLY, INC., APPELLEE, v. GERL ET AL., APPELLANTS.

(No. 49988 — Decided February 27, 1986.)

*Larry R. Rothenburg,* for appellee.
*Morton Q. Levin* and *Mark K. Greenfield,* for appellants.

CORRIGAN, J. This appeal arose from the filing of a complaint in foreclosure on September 21, 1983 by Kral Builders Supply, Inc. for failure to make payment on a note secured by a mortgage lien on Mr. and Mrs. Wayne Gerl's residence. Various other parties joined or were joined as a consequence of the interests they claimed in the prop-

erty. Answers and cross-claims were filed by defendants Richard J. Moriarity, trustee, Euclid National Bank ("Euclid National") and Francis E. Gaul, Cuyahoga County Treasurer, alleging liens on the property. No answer was filed by defendants Gerl. The case was referred to a referee. Pursuant to the referee's report, the court entered a judgment decree of foreclosure on December 4, 1984.

On January 30, 1985, a consent to filing of a motion to intervene by Transohio Savings Bank ("Transohio") signed by Euclid National and Richard Moriarity was filed. At the same time, a motion to intervene and an answer and cross-claim were filed. The motion to intervene was granted on January 30. On February 4, 1985, the court entered an order preserving Transohio's claim subject to those of Richard J. Moriarity and Euclid National. On February 8, 1985, defendants Gerl filed a motion to stay the foreclosure sale which was denied the same day. On February 15, 1985, the Gerls filed a motion to modify the judgment decree of foreclosure and to stay the distribution of proceeds. On February 21, 1985, the court entered a decree of confirmation. On March 8, 1985, the Gerls filed a notice of appeal alleging the following errors for our review:

"I. The Cuyahoga County Common Pleas Court erred in confirming the sale of [the] Gerls' residence because:

"(a) Transohio was improperly permitted to intervene ex parte as a new party defendant in the within case after the judgment decree of foreclosure, without ever obtaining service upon [the] Gerl[s] pursuant to the Ohio Rules of Civil Procedure; and

"(b) The sale was allowed to go forward despite the fact that Transohio's answer and cross-claim has not been served upon [the] Gerl[s] pursuant to the Ohio Rules of Civil Procedure.

"II. The Cuyahoga County Common Pleas Court erred in overruling [the] Gerls' motion to modify the judgment decree of foreclosure and to stay the distribution of proceeds of sale."

This action arose for a $50,000 debt owed to Kral Builders Supply ("Kral") by Wayne and Susan Gerl. As security for the note, the Gerls executed and delivered a mortgage deed on their residence in Shaker Heights. Upon their default, Kral filed a complaint in foreclosure naming the Gerls and various other parties claiming an interest in the property as defendants. Richard J. Moriarity, trustee, Francis E. Gaul, county treasurer, and Euclid National were all named defendants. Each of the defendants, with the exception of the Gerls, filed and served answers and cross-claims.

The case was referred to a referee whose report found that Richard J. Moriarity had a valid first lien on the property after payment of taxes and Euclid National had a valid second lien. Apparently, at this point, Kral's lien had been settled and discharged; therefore, it was no longer a party. The court, noting that the Gerls were in default, adopted the referee's findings and entered a judgment decree of foreclosure on December 4, 1984.

At this point, Transohio filed a motion to intervene in the proceedings on the ground that it had obtained a judgment lien on April 17, 1984 against the Gerls. The court immediately granted the motion to intervene and Transohio filed its answer and cross-claim. The following day, the court entered an order ruling that Transohio had a valid lien which was subsequent to that of Richard J. Moriarity and Euclid National.

On February 8, 1985, the Gerls filed a motion to stay the sheriff's sale, their first appearance in the suit. In the motion they argued that the first lien of Kral had been satisfied in full; that as to the second lien, the Gerls were merely

accommodation parties; that Transohio had foreclosed on property sufficient to satisfy its judgment against the Gerls; and that the appraisal figure for the residence was insufficient. The motion was overruled the same day.

One week later, the Gerls filed a motion to modify contending Transohio had been improperly permitted to intervene *ex parte* without first obtaining service on the Gerls, and again asserting their defenses to the Transohio and Euclid National liens. The court confirmed the foreclosure sale thereafter and the Gerls appeal.

## I

In their first assignment of error, the Gerls argue that Transohio was improperly permitted to intervene without obtaining service on the Gerls. The attorney served at the time Transohio's answer and cross-claim was filed was not representing the Gerls in the action and such service was ineffective. The Gerls were served individually on February 11 and 13. Service was not effective until then. The court ruled on the cross-claim in its supplemental order of January 31; however, at that point, the court did not have personal jurisdiction over the defendants or the cross-claim.

A default judgment entered while service is faulty is void. *Westmoreland* v. *Valley Homes Corp.* (1975), 42 Ohio St. 2d 291, 294 [71 O.O. 2d 262]. A court is without jurisdiction to render judgment on a cross-claim on which there has been no service, where the cross-claim sets up matters not drawn in question in the complaint. *Rittenour* v. *Smith* (1958), 107 Ohio App. 119 [7 O.O. 2d 493], paragraph one of the syllabus.

The fact that the Gerls were in default on the complaint does not change the requirements of service. Civ. R. 5(A) provides:

"Service: when required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 through Rule 4.6."

Consistent with the rule is the recent case of *Household Finance Loan Corp.* v. *Weisman* (1984), 15 Ohio App. 3d 16. In that case, the court held that "[w]here a new or additional claim has been asserted against a party, as long as such party is in default of answer to the original complaint, no judgment may properly be rendered on such claim until the pleading asserting it has been served on such party in the manner provided for service of summons." *Id.* at syllabus. The court's recognition of the validity of Transohio's lien when service was faulty was improper.

We do not accept the appellee's argument that the defense of lack of personal jurisdiction was waived by the appellants' failure to raise it in the motion to stay the sale filed on February 8, 1985. That motion, filed in an attempt to halt the proceedings, did not constitute a motion made pursuant to Civ. R. 12(B) or a responsive pleading such that would trigger the waiver provisions of Civ. R. 12(H). For the foregoing reasons, we conclude this assignment is well-taken.

## II

In support of their second assignment of error, appellants offer two

arguments. In their first argument, they contend that the trial court erred in permitting Transohio to participate in the proceeds of the sale as it unjustly enriched Transohio. The foundation of the argument is that in another foreclosure proceeding involving these two parties Transohio improperly recovered a deficiency judgment. The Gerls contend that the other property was improperly appraised and sold at an undervalued price. As a result, Transohio had a deficiency judgment from whence the lien, which is the subject of this lawsuit, accrued. The Gerls attack the validity of that deficiency judgment in this proceeding.

It is well-established that "* * * where a court of record has jurisdiction over the subject matter before it and renders a judgment, such judgment may not be collaterally impeached. So long as * * * [the judgment] stands unreversed, it remains conclusive as to the matter[s] decided." *State, ex rel. Schneider,* v. *Brewer* (1951), 155 Ohio St. 203, 205 [44 O.O. 170]. Further, "[a] judgment of a court of competent jurisdiction, upon a question necessarily involved in the suit, is conclusive in a subsequent suit between the same parties* * *." *Babcock & Co.* v. *Camp* (1861), 12 Ohio St. 11, paragraph one of the syllabus. The propriety of the appraisal should have been raised in the previous proceeding. Until the deficiency judgment of the previous sale is reversed, it is presumed valid. This argument is without merit.

### III

The Gerls' second argument in support of the second assignment is that Transohio's judgment lien is barred by the doctrine of *lis pendens* and that the court therefore erred in overruling the Gerls' motion to modify the judgment decree of foreclosure. This argument is without merit.

According to the doctrine of *lis pendens,* " "* * * one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired * * * takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset.* * * *' " *Cook* v. *Mozer* (1923), 108 Ohio St. 30, 36. The doctrine is applicable to judgment lien creditors, and properly so, as the lien of the judgment attaches only to the right or title which the debtor had at the time of its rendition, and the position of the creditor is not more meritorious than is that of a mortgagee or bona fide purchaser. *Coe* v. *Columbus, Piqua & Indiana RR. Co.* (1859), 10 Ohio St. 372. However, this doctrine as currently embodied in R.C. 2703.26 applies to protect the *plaintiff's* interests. That section provides:

"When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

In a case interpreting a predecessor statute, it was held that under such a statute the interest must be acquired, and must be acquired as against the plaintiff's title in the subject matter. *Brooke* v. *Morris* (1873), 13 Ohio Dec. Rep. 1050, 1052. Here, as in that case, the judgment creditor claims no interest against the plaintiff's title nor any of the creditor defendants. It claims only what is left of the subject matter after other superior claims are fully satisfied. Since Transohio's claim is merely as a junior lienholder, the doctrine of *lis pendens* does not affect its rights. Furthermore, both Moriarity and Euclid National, the parties with superior rights, signed a consent to the filing of Transohio's answer and cross-claim. This argument is without merit.

The judgment of the trial court is reversed only as to the order permitting Transohio to participate in the proceeds of the foreclosure sale, and the cause is remanded for a redetermination of the validity of Transohio's cross-claim in consideration of appellants' contentions. Pending that determination, the distribution of the remaining proceeds from the foreclosure sale is stayed.

By agreement of the parties Transohio will place the sum of $287,543.91, distributed on February 27, 1985, into an interest-bearing escrow account, with counsel for Transohio and counsel for the Gerls as co-trustees. Since Transohio received these funds as the result of the trial court's order of disbursement, Transohio is not obligated to pay interest on the said funds. In all other respects, the judgment of the trial court is affirmed.

Accordingly, the judgment of the trial court is affirmed in part and reversed in part and the cause is remanded in part.

*Judgment affirmed
in part, reversed in
part and cause
remanded.*

PARRINO, C.J., and KRUPANSKY, J., concur.