## Stubbins
### v.
### Arbor Health Care Co.
*[Cite as 4 AOA 127]*

*Case No. CA-90-1*
*Muskingum County, (5th)*
*Decided June 5, 1990*

*Brent A. Stubbins, Coffman, Lewis, Stubbins Graham & Co. L.P.A., P.O. Box 1110, Zanesville, Ohio 43702-1110, for Plaintiff.*

*Thomas A. Lewis, Coffman, Lewis, Stubbins Graham & Co. L.P.A., P.O. Box 1110 Zanesville, Ohio 43702-1110, for Defendant-Appellee.*

*Donovan Lowe, 59 North Seventh Street, McConnelsville, Ohio 43756, for Defendant-Appellant.*

HOFFMAN, P.J.

In this appeal which has notice and service as its central issue, Brent A. Stubbins is plaintiff, Arbor Health Care Company is defendant-appellee, and Donovan Lowe is defendant-appellant.

Litigation began when Brent Stubbins, an attorney serving as escrow agent between Arbor Health and Lowe, filed an interpleader action in the Court of Common Pleas of Muskingum County. The basis of the interpleader was that Stubbins was holding some $18,692 resulting from the sale and lease of assets of the Zanesville Nursing Home to Arbor Health Care. The sum of money represented unpaid real estate taxes, workers' compensation fees, and other monies arising out of the real estate closing of the nursing home. Said interpleader complaint was filed August 30, 1988, and proper certified mail was obtained upon both Arbor Health and Lowe.

On September 23, 1988, Arbor Health filed its answer and "Cross-Claim Against Defendant, Donovan Lowe." Arbor Health did not obtain certified mail service upon Lowe (or Stubbins for that matter), but relied upon ordinary U.S. Mail. The "Certificate of Service" appearing at page three of the answer merely states that a true copy was served upon Lowe at the same address where the original interpleader complaint was sent to him. It does not specifically state that ordinary U.S. Mail Service was employed.

Subsequently with no answer forthcoming from Lowe on the cross-claim, Arbor Health moved the court for default judgment pursuant to Civ. R. 55(A) and that was granted by entry filed October 25, 1988. On October 24, 1989, Lowe filed a Civ. R. 60(B) motion for relief from the default judgment. The basis for that motion was that no service of cross-claim was obtained upon Lowe and consequently the default judgment was "voice abinitio" (sic). (Motion filed October 24, 1989, para. 1). Attached to the motion was Lowe's affidavit, a copy of which is attached to our memorandum-opinion for information purposes only.

Lowe raises the following sole assignment of error:

"ASSIGNMENT OF ERROR
"THE COURT ERRED IN OVERRULING THE MOTIONS OF THE DEFENDANT, DONOVAN LOWE, FOR VACATION OF THE DEFAULT JUDGMENT ENTERED AGAINST THE DEFENDANT, DONOVAN LOWE, AND LEAVE TO PLEAD."
I

As articulated by appellant in his Issue I (brief at 4): "The real issue in this matter is whether there was service of the Cross-Claim by Arbor on Donovan Lowe." After reviewing the record and arguments of the parties on this service question, this court's answer to the above question is "there was not effective service." Our reasons follow.

One element of the instant case must be kept in mind: "Arbor's cross-claim against Lowe

was an original action, at least against Lowe." Admittedly, it arose out of the same events and transaction as the original interpleader, but that does not make it the same action as the interpleader as contended by Arbor (its brief at 8, para. 2). If the action against Lowe was encompassed by the interpleader there would have been no need for the subsequent cross-claim.

Ohio Civ. R. 5(A), service etc, applies and it reads as follows:

"(A) Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear *except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 through 4.6."* (Emphasis added).

As stated in Civ. R 4.1, the method of service required herein was certified mail, return receipt requested. After reviewing the pertinent authorities on this question, it is evident that the majority of ordinary mail service questions arise after certified mail has been returned unclaimed or refused. It is obvious from Civ. R. 4 that ordinary mail service is employed only after certified mail service fails.

Putting aside any consideration of how the civil rules operate, it simple makes good business sense for Arbor Health to use certified mail herein. Lowe was served in this manner by Stubbins at his McConnelsville address upon 8/31/88 and the green return receipt, signed by Lowe's agent (P. Duncan), was properly returned and is part of the record before this court. Certified mail service was proper when used on 8/31/88 by plaintiff Stubbins and would have been proper service on 9/23/88 when Arbor Health allegedly sent its answer/cross-claim to Lowe, it being the "safe" and effective way to obtain service upon Lowe in the case *sub judice.*

Although the following syllabus statement refers to a party in default of answer, it is nonetheless appropriate:

"1. Where a cross-claim is asserted against a party who is in default of answer to the original complaint, *no judgment may properly be rendered on such cross-claim until the pleading asserting it has been served on such party in the manner provided for service of summons."* (Civ. R. 5[A], applied, and *Household Finance Loan Corp. v. Weisman* [1984], 15 Ohio App. 3d 16, followed.) *Kral Builders Supply, Inc. v. Gerl* (1986), 27 Ohio App. 3d 353 (syllabus 1). (Emphasis added).

If the rules regarding service "protect" a party in default of answer, then surely those rules inure to the benefit of a party such as Lowe who was *not* in default of answer to Stubbins when Arbor filed its answer/cross-claim upon September 23, 1988.

As stated in Civ. R. 4(C):

"(C) Summons: Plaintiff and Defendant Defined. For the purpose of issuance and service of summons 'plaintiff' shall include any party seeking the issuance and service of summons, and 'defendant' shall include any party upon whom service of summons is sought."

In the instant case, Arbor was the "plaintiff" seeking the issuance and service of summons. That issuance and service failed and appellant's assignment of error is sustained.

The judgment of the Court of Common Pleas of Muskingum County is reversed and this case is remanded to said court with specific instruction to grant defendant-appellant Lowe leave to file his answer to Arbor Health's cross-claim against him.

*Judgment reversed and cause remanded.*

SMART, J., and GWIN, J., concur.