OPINION
{¶ 1} Defendants-appellants John and Tina Devecka appeal from the October 19, 2001, and October 24, 2001, Judgment Entries of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Appellee Stanley V. Stearns, as Trustee of the Harriet B. Stearns Family Trust, is the owner of real property located in Dover, Ohio. Appellants John and Tina Devecka own property immediately adjacent to appellee's property.
{¶ 3} After a survey was conducted during the spring of 2001 on behalf of the Stearns Family Trust, it was discovered that the house on appellee's property encroached 0.55' onto appellants' adjacent property. Thereafter, appellee, on June 25, 2001, filed a complaint against appellants, among others, seeking to quiet title to the 0.55' encroachment. Appellee, in his complaint, demanded title to the 0.55' encroachment and that "a reasonable area around said encroachment for maintenance be found exclusively owned by Plaintiff and (sic) fee simple." Both appellants were personally served with a copy of the Summons and Complaint on June 29, 2001, by the County Sheriff.
{¶ 4} Thereafter, appellee, on July 3, 2001, filed a First Amended Complaint. The First Amended Complaint corrected some typographical errors that were made in the original complaint. In addition, while paragraph 10 in the original complaint read as follows:
 {¶ 5} "Any claim of interest of Defendants or others claiming through or under them are now barred because Plaintiff and his predecessors in title have been in possession of the property adversely, and exclusively to any claim of Defendants for more than twenty-one years."
{¶ 6} paragraph ten of the amended complaint stated as follows:
 {¶ 7} "Any claim of interest of Defendants or others claiming through or under them are now barred because Plaintiff and his predecessors in title have been in possession of the property described in Exhibit A openly, continuously, notoriously, adversely, and exclusively to any claim of Defendants for more than twenty-one years."
{¶ 8} While appellants did not file an answer to the original complaint, a copy of the first amended complaint was never served on appellants.
{¶ 9} On September 20, 2001, appellee filed a Motion for Default Judgment against appellants and against First Tennessee Bank National Association, which had been named as a defendant but which had failed to file an answer, as well as a Motion for Summary Judgment against the remaining defendants. An oral hearing on the same was held on October 5, 2001. As memorialized in a Judgment Entry filed on October 19, 2001, the trial court held, in part, as follows:
 {¶ 10} 1. By right of adverse possession the east property line of Plaintiff's property shall be extended to the east onto the property of Defendants Devecka 0.55 inches being limited to that land of Defendants Devecka upon which the present encroachment of the Plaintiff's house now sits. Thus, the property of Defendants Devecka upon which Plaintiff's house now sits, 0.55 inches from the present property line of Plaintiff, shall be owned by in fee simple Plaintiff by right of adverse possession.
 {¶ 11} 2. The Court further orders that beyond the extension of 0.55 inches onto the Devecka property from Plaintiff's property, as indicated on the attached survey plat marked Exhibit "A", Plaintiff shall have a permanent easement of an additional 2 feet beyond the 0.55 inches onto the Devecka property. Said easement shall be for right of use for maintenance of Plaintiff's house.
{¶ 12} The trial court, on October 24, 2001, issued a Nunc Pro Tunc Judgment Entry to correct a typographical error in the original Judgment Entry, which incorrectly referred to 0.55 inches instead of 0.55 feet as referred to in both the original and amended complaints.
{¶ 13} It is from the October 19, 2001, and October 24, 2001, Judgment Entries that appellants now appeal, raising the following assignments of error:
 {¶ 14} I. "THE COMPLAINT FAILS TO SET FORTH A CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED TO THE APPELLEE AS TO THE APPELLANTS, DEVECKAS."
 {¶ 15} II. "THE APPELLEE HAS BEEN GRANTED RELIEF IN EXCESS OF THE PRAYER OF THE AMENDED COMPLAINT."
 {¶ 16} III. "THE JUDGMENT OF OCTOBER 19, 2001, AND THE NUNC PRO TUNC ORDER OF OCTOBER 24, 2001, ARE VOID SINCE APPELLANT DID NOT RECEIVE A COPY OF THE MOTION FOR DEFAULT JUDGMENT."
{¶ 17} For purposes of clarity, we shall address appellants' assignments of error out of sequence.
 III
{¶ 18} Appellants, in their third assignment of error, argue that the trial court's October 19, 2001, and October 24, 2001, Judgment Entries are void since appellants did not receive a copy of the Motion for Default Judgment.[1]
{¶ 19} As is stated above, appellee, on September 3, 2001, filed a Motion for Default Judgment against appellants and against First Tennessee Bank National Association. The Proof of Service attached to the Motion for Default Judgment states as follows: "No service was made upon Defendants John Devecka, Tina Devecka, or First Tennessee Bank National Association for the reason that they are in default of answer and no service is required upon a party in default of answer. Civil Rule 5(A)." Appellants now maintain that the trial court's October 19, 2001, and October 24, 2001, judgment entries are void since appellants were not so served.
{¶ 20} Civ.R. 5(A), which controls service, states as follows:
 {¶ 21} "Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. Service is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ.R. 4 through Civ.R. 4.6." (Emphasis added).
{¶ 22} Both appellants, in the case sub judice, were personally served with a copy of the Summons and the original Complaint. While there is nothing in the record demonstrating that appellants were served with a copy of the July 3, 2001, First Amended Complaint, we find that appellee was not required to serve a copy of the same upon appellants. As is stated above, Civ.R. 5(A) provides, in relevant part, as follows: "[P]leadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ.R. 4 through Civ.R. 4.6." SeeHousehold Fin. Loan Corp. of Ohio v. Weisman (1984), 15 Ohio App.3d 16,17, 472 N.E.2d 65, 66. Contrary to appellants' argument, the Amended Complaint does not assert "new or additional claims for relief or for additional damages" against them. Rather, the following underlined language, which was not contained in paragraph 10 of the original Complaint, was included in paragraph 10 of the First Amended Complaint:
 {¶ 23} "Any claim of interest of Defendants or others claiming through or under them are now barred because Plaintiff and his predecessors in title have been in possession of the property described in Exhibit A openly, continuously, notoriously, adversely, and exclusively to any claim of Defendants for more than twenty-one years."
{¶ 24} By failing to file an answer to the original complaint, appellants were in default of answer. Pursuant to Civ.R. 5(A), appellants, therefore, were not entitled to service of the Motion for Default Judgment.
{¶ 25} Appellants' third assignment of error is, therefore, overruled.
 I
{¶ 26} Appellants, in their first assignment of error, argue that the complaint fails to set forth a cause of action for which relief can be granted to appellee. In essence, appellants maintain that there was no competent evidence supporting the trial court's order granting appellee a "permanent easement of an additional 2 feet beyond the 0.55 feet onto the Devecka property" for purposes of maintenance of appellee's house.
{¶ 27} Appellee, in both his original Complaint and his Amended Complaint, alleged, in part, as follows:
 {¶ 28} 7. Plaintiff's property described in Exhibit A attached hereto, contains a residence that encroaches slightly onto the adjacent property of Defendants Devecka, as provided in Exhibit C, but said encroachment has been open, hostile, continuous, and exclusive for more than twenty-one years prior to the date of filing of this Complaint. During said time Plaintiff and his predecessors in title for more than twenty-one years have not only encroached on the property of Defendants Devecka, but have used the immediate area around the encroachment on Defendants property for purposes of maintenance of said structure thereon standing.
{¶ 29} In addition, appellee sought a judgment from the trial court that a "reasonable area" around the 0.55' encroachment be granted exclusively to appellee in fee simple for maintenance of appellee's house. After appellants failed to file a answer, appellee, on September 20, 2001, filed a Motion for Default Judgment against appellants. Appellee, in support of its motion, attached an affidavit from Rosemary Abel. Able, in her affidavit, stated in pertinent part as follows:
 {¶ 30} 1. My name is Rosemary Abel, 72 years of age presently residing at 321 South Avenue, Dover, Ohio.
 {¶ 31} 2. I have resided as a tenant in the Stearns property at 321 South Avenue, Dover, Ohio, for the last twenty (20) years, from 1981 through the present time in September 2001. I also resided in the same house at 321 South Avenue, Dover, Ohio, for a period of ten (10) years, from 1963 through 1973.
 {¶ 32} 3. During the time that I lived in the Stearns home from 1963 through 1973 and 1981 through 2001, the physical structure of the building and its foundation were not removed or altered in any way. The home is now sitting in exactly the same position it was in 1973, next door to the home of John and Tina Devecka at 317 South Avenue, Dover, Ohio.
 {¶ 33} 4. Attached to this affidavit as "Exhibit A" are three (3) photographs of the Stearns home (brown) on the left, and the Devecka home (white) on the right. These photographs were taken in September 2001 and accurately depict the scene portrayed. The brown Stearns home is immediately to the south of the white Devecka home.
 {¶ 34} 5. During my occupancy of the Stearns home at 321 South Avenue, Dover, Ohio, from 1963 through 1973 and 1981 through 2001, the owners of the Stearns home maintained the lawn for at least two feet (2') beyond the physical structure of the Stearns home to the north toward the Devecka home. The owner of the Stearns home also during the entire time I resided in said home since 1963 made repairs and maintenance on the north side of the Stearns home (toward the Devecka property) using at least two feet (2') of the ground immediately to the north of the structure of the Stearns home.
 {¶ 35} 6. The owners of the Stearns home openly used the Devecka property to main the north side of the Stearns home over the years, and to my knowledge and belief no one from the Devecka property or the previous owners ever objected or attempted to prevent the Stearns owners from using the Devecka property to maintain the Stearns home.
{¶ 36} A plaintiff, such as appellee, claiming a prescriptive easement must establish five elements: that the plaintiff used the property at issue (1) openly, (2) notoriously, (3) adversely to his neighbor's property rights, (4) continuously, and (5) for at least twenty-one years. Nusekabel v. Cincinnati Public School Employees CreditUnion, Inc (1997),125 Ohio App.3d 427, 433, 708 N.E.2d 1015. The plaintiff must prove these elements by clear and convincing evidence. Id. Unlike an adverse possession claim, the element of exclusive possession of property is not required in a prescriptive easement claim. Id.
{¶ 37} Civ.R. 8(D) provides if allegations of a complaint are not denied in a responsive pleading, they are deemed judicially admitted by the party in default. See State ex rel. Howard v. Ferreri,70 Ohio St.3d 587, 1994-Ohio-130, 639 N.E.2d 1189. Appellants, by failing to file an answer, are deemed to have judicially admitted the allegations in appellee's complaint that appellee and his predecessors in title "for more than twenty-one years have not only encroached on the property of Defendants Devecka, but have used the immediate area around the encroachment on Defendants property for purposes of maintenance of said structure thereon standing." Such admissions, in combination with Rosemary Abel's statement in her sworn affidavit that from 1963 through 1973 and 1981 through 2001, the owners of the Stearns home "maintained the lawn for at least two feet (2') beyond the physical structure of the Stearns' home to the north toward the Devecka home and also repaired and maintained such home by using the same two (2') feet, provide competent evidence supporting the trial court's judgment granting appellee a 2 foot easement on appellants' property for purposes of maintaining appellee's house.
{¶ 38} Appellants' first assignment of error is, therefore, overruled.
 II
{¶ 39} Appellants, in their second assignment of error, contend that the trial court violated Civ.R. 54(C) by granting appellee relief in excess of the prayer in the amended complaint. Such rule states as follows:
 {¶ 40} A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings.
{¶ 41} Appellee, in both the original Complaint and the Amended Complaint, specifically requested that the trial court grant appellee a "reasonable area" around the 0.55' encroachment for "maintenance" of the house on appellee's property. As is stated above, the trial court, in its October 19, 2001, Judgment Entry and October 24, 2001, Nunc Pro Tunc Judgment Entry, granted appellee "a permanent easement of an additional 2 feet "beyond the 0.55 feet onto the Devecka property for "right of use for maintenance of Plaintiff's house." According to appellant, such entries are "contrary to law" since they "exceed the prayer."
{¶ 42} Appellants' second assignment of error is overruled because the trial court's judgment is not different in kind or in excess of the amount that was prayed for in appellee's demand for judgment and, therefore, complies with Civ.R. 54(C). While the prayer in appellee's original Complaint and First Amended Complaint requested a fee simple interest in the two (2) foot maintenance area, the trial court, in its entries, only granted appellee a two (2) foot permanent easement. A fee simple is defined as the "highest right, title and interest that one can have in land. It is the full and absolute estate in all that can be granted." See Masheter v. Diver (1969), 20 Ohio St.2d 74, 78,253 N.E.2d 780 (Emphasis added). In contrast, an easement is defined as an interest in the land in the possession of another which "entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists." Smith v. Gilbraith (1991), 75 Ohio App.3d 428,434, 599 N.E.2d 798. Thus, by granting appellee a permanent easement rather than title to the 0.55' in fee simple, the trial court granted appellee a lesser interest.
{¶ 43} Moreover, while appellant argues that the legal description in the Nunc Pro Tunc Entry differs from that referred to in appellee's amended complaint, we disagree. While appellee, in the amended complaint requested that a "reasonable area" around the 0.55' encroachment be granted to appellee for purposes of maintaining appellee's house, as is stated above, the trial court, based on the amended complaint and Abel's affidavit, found two feet to be a "reasonable area". For such reason, the trial court granted appellee a permanent two foot easement beyond the 0.55 foot encroachment.
{¶ 44} Appellants' second assignment of error is, therefore, overruled.
{¶ 45} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
{¶ 46} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellants.
[1] While appellants, in their brief, also argue that they did not receive notice of appellee's motion for summary judgment as required by Civ.R. 56(C), we note that appellee, in such motion, was seeking summary judgment against other defendants in this case rather than against appellants.