GALL v CENTRAL TRUST CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5269. Decided June 21, 1937

Roy Struble, Cincinnati, for appellee.
Wm. J. Rielly, Cincinnati, for appellant.

OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas, which court affirmed the judgment of the Municipal Court of Cincinnati, in favor of the plaintiff, who sought to recover from the defendant Bank, as the survivor, the balance of a joint account, which the bank had paid to the administrator of one of the joint owners of the account.

The proceeds of an insurance policy upon the life of the decedent in which the plaintiff was beneficiary were, by the consent of all parties, paid through a joint check to the plaintiff and decedent. A joint account in defendant bank, upon the request of the decedent, was opened by plaintiff.

The defendant claims the evidence is conclusive in developing that the account was really the property of decedent. The trial court found otherwise, and we see no reason to disturb its finding.

In the pass book appears the rules and regulations governing the operation of the account and constituting a binding agreement upon all the parties. Among these is the following:

"8. Accounts may be opened in the joint names of two persons, either of whom may make deposits and withdrawals.

"In case of the death of either, the balance, as provided by law, shall be payable to the survivor."

See also: **Fourth & Central Trust Co. v Rowe, Admr., 122 Oh St 1,** wherein it is

held in the second paragraph of the syllabus:

"The reasonable rules and regulations adopted by a savings bank and printed in its pass book, signed and agreed to by a depositor, form a contract between the bank and the depositor, and each is bound thereby unless such rules and regulations are contrary to some positive rule of law or are against public policy."

We find nothing in the record indicating that the contract so created by the regulations was abrogated.

Our conclusion is that the Bank was not authorized to pay the administrator of decedent the balance of the account and that the conclusion of the trial court was correct.

Judgment affirmed.

HAMILTON and MATTHEWS, JJ, concur.