TOLEDO TRUST COMPANY, n.k.a. Society Bank and Trust, Appellee,

v.

NIEDZWIECKI et al.; Diamond Savings and Loan, Appellant.

[Cite as *Toledo Trust Co. v. Niedzwiecki* (1993), 89 Ohio App.3d 754.]

Court of Appeals of Ohio,
Huron County.

No. H–92–039.

Decided Aug. 6, 1993.

*Mark Stuckey,* for appellee.

*Harold Freeman* and *George Wilber,* for appellant.

SHERCK, Judge.

This is an appeal from a judgment of the Huron County Court of Common Pleas which imposed contempt sanctions on appellant Diamond Savings and Loan because appellant failed to deliver funds in response to a garnishment order. Since we find that the stipulated facts demonstrate that appellant did not hold any property to which the judgment debtor was entitled and, therefore, the judgment creditor had no right to obtain that which the debtor could not obtain, we reverse.

In 1988, William J. and Mary Niedzwiecki obtained a loan from appellant Diamond Savings and Loan. The loan was secured by a mortgage on real property. In addition, the Niedzwieckis pledged as collateral a certain certificate of deposit in the amount of $14,610. This certificate was held by appellant, who placed a "lock-out" on the account in its computer system to ensure that there would be no withdrawals from the pledged account for two and one-half years.

Sometime thereafter, appellee Toledo Trust Company, now known as "Society Bank and Trust," obtained a judgment against the Niedzwieckis. In an effort to collect on the judgment, appellee obtained a court order and notice of garnishment which was served on appellant. The order required appellant to identify and pay over any property in its possession that was owned by or owed to the Niedzwieckis. Appellant completed part "B," the answer of the garnishment form, and identified funds in the pledged account. Appellant forwarded those funds to the clerk of the court. Appellant's cashier's check was for $17,219.19, the amount of the certificate of deposit and accrued interest.

A short time thereafter, while the clerk still held the check, appellant notified the court that it had mistakenly paid over the funds. Appellant stated that it had stopped payment on the original check and forwarded a different check for $2,528.13. This latter check represented the difference between the amount appellant held and the amount that was pledged to appellant.

Appellee then filed a motion for an order to show cause why appellant should not be held in contempt for stopping payment on the check.

A hearing on this matter was held before a referee. The parties stipulated to the above-described facts and argued the legal significance of those facts. The referee recommended that appellant be held in contempt. The trial court overruled objections to the report and declared appellant in contempt for failing to pay over the funds represented by the certificate of deposit. The trial court imposed a fine approximating the disputed amount and allowed appellant to purge itself of the contempt by paying over the disputed amount.

Appellant then appealed to this court, offering the following three assignments of error:

"I. The trial court erred to the prejudice of defendant-appellant in finding that the funds pledged to Diamond as security for a loan were subject to garnishment by plaintiff-appellee.

"II. The trial court erred to the prejudice of defendant-appellant in finding that plaintiff-appellee had priority to the pledged funds.

"III. The trial court erred to the prejudice of defendant-appellant in finding that a bank cannot stop payment on its own cashier's check."

We begin our analysis by discussing appellant's third assignment of error. In that assignment of error, appellant argues that it has the ability to stop payment on its own check. The judgment of the trial court includes an extensive discussion regarding the propriety of stopping payment. However, the contemptuous act identified by the trial court was appellant's failure to pay, not its act of stopping payment. Therefore, the propriety of stopping payment has no bearing

on the propriety of the contempt order. Accordingly, we find appellant's third assignment of error to be moot.

In its first assignment of error, appellant addresses the merits of the case. Appellant argues that the funds represented by the pledged certificate of deposit are not owed to the debtor and subject to garnishment and, therefore, appellant is not in contempt for failing to pay over those funds.

Appellant contends that it could not be required to pay over the proceeds of the certificate of deposit because the funds were not subject to garnishment.[1] Property held by a third party is subject to garnishment to satisfy the debts of a judgment debtor when, at the time of the service of the garnishment order, the judgment debtor has a right or title to the property. If the judgment debtor has a contractual right to demand payment of the funds, then those funds held for the benefit of the judgment debtor may be subject to garnishment. *Goralsky v. Taylor* (1991), 59 Ohio St.3d 197, 571 N.E.2d 720. On the other hand, where the judgment debtor himself has no present right to obtain the money or property from the garnishee, then the judgment creditor likewise has no right to the property. *Id.* Indeed, in *Goralsky,* the court held that the garnishee need not even disclose the existence of funds that the judgment debtor has no immediate right to possess.

The rights at stake in this case are different from those at stake where a bank has a general right to set off a depositor's accounts against debts to the bank. In such a case, the depositor retains the right to demand payment until the debt to the bank matures and the bank is able to exercise its right to use the funds in the account to satisfy the debt. See, generally, *Walter v. Natl. City Bank* (1975), 42 Ohio St.2d 524, 71 O.O.2d 513, 330 N.E.2d 425. In the case of an account specifically pledged to secure performance of a contract, the depositor's contractual right to demand payment does not arise until the depositor's contractual obligation has been performed.

The parties stipulated that the certificate of deposit was pledged to appellant and that the garnishment order was served on appellant during the pledge period. The judgment debtor, then, had no contractual right to the money or property. *Schneider Bros. Home Baking Co. v. J. Spang Baking Co.* (App.1931), 10 Ohio Law Abs. 504 (property pledged to secure performance of a contractual

---

1. When appellant filed its answer, it admitted that the funds were owed to the judgment debtors. The answer was never formally amended to place the issue of ownership in dispute. However, because the effect of the answer was never raised in the trial court or in this court, and because the issues were raised in the context of a stipulation as to the facts, we must conclude that the question of ownership was tried by express or implied consent as allowed by Civ.R. 15(B) and *State ex rel. Evans v. Bainbridge Twp. Trustees* (1983), 5 Ohio St.3d 41, 5 O.B.R. 99, 448 N.E.2d 1159.

obligation not subject to garnishment until obligation performed). Appellee, the judgment creditor, had no greater right than that enjoyed by the judgment debtor. Therefore, the trial court had no authority to expand the rights of appellee to the detriment of appellant. Accordingly, appellant's first assignment of error is well taken.

Appellant's second assignment of error concerns priorities between secured creditors and becomes relevant only if the property was subject to garnishment. Because we have found the first assignment of error well taken, the second assignment of error is moot.

On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Huron County Court of Common Pleas is reversed. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.