DECISION.
On April 22, 1988, plaintiff-appellee, Patricia Leman ("Leman"), administratrix of the estate of Monica Leman, filed a wrongful-death suit against defendant-appellant, Johnny Fryman. Fryman had previously been convicted of the murder of Leman's daughter, Monica. Leman served the complaint by certified mail on Fryman at the Southern Ohio Correctional Facility in Lucasville, where he was then incarcerated. The official appearance docket reflected that the postal receipt had been returned to the Hamilton County Clerk of Courts indicating that the summons and complaint had been delivered to the prison on April 26, 1988. An individual named "Charles Bailey" had signed the receipt.
On May 6, 1988, Fryman sent a letter to Leman's attorney specifically referring to the summons and stating that he had no funds with which to obtain counsel to defend against the suit. Fryman did not file an answer to the complaint or otherwise appear in the action. Consequently, the trial court entered a default judgment against him in December 1988 in the amount of $1,000,550.
Subsequently, correspondence containing bills for burial and court costs was forwarded to Fryman. In March 1989, he executed a pauper's affidavit, stating that he was without funds to pay the bills assessed against him pursuant to the judgment in the wrongful-death action. In November 1989, he wrote the clerk of courts, requesting a copy of the complaint. Nevertheless, he never took any action to challenge the validity of the judgment against him.
In April 1993, Fryman was injured in a riot at the Southern Ohio Correctional Facility. A class-action suit was filed in federal court related to the riot, and Fryman became entitled to funds as the result of a settlement reached in that suit. However, he did not actually receive any of the funds, and they remained in the hands of the federal magistrate.
On February 10, 2000, Leman filed a garnishment proceeding to attach property other than the personal earnings of Fryman and served the notice of garnishment on the Lebanon Correctional Institution. Fryman subsequently filed a motion to set aside the garnishment and for relief from judgment pursuant to Civ.R. 60(B). He contended that he had never received service of the original complaint, and, therefore, that the judgment entered pursuant to that complaint was void. The trial court held that the complaint had been properly served, and that Fryman's claim that he had no notice of the suit was not credible. Consequently, the court denied Fryman's motions. This appeal followed.
Fryman presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in failing to grant him relief from the default judgment. He argues that he was not properly served with the summons and the complaint against him. This assignment of error is not well taken.
A default judgment rendered without proper service is void. See Stateex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, syllabus; Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61, 63,705 N.E.2d 408, 410. Because a court has inherent power to vacate a void judgment, a party who asserts that the court lacked personal jurisdiction because of improper service of process need not meet the requirements of Civ.R. 60(B). See Patton v. Diemer (1988), 35 Ohio St.3d 68, 70,518 N.E.2d 941, 944; Emge, supra, at 63, 704 N.E.2d at 410.
Courts will presume service to be proper in cases where the civil rules are followed, unless the defendant rebuts the presumption by sufficient evidence. The civil rules require the clerk to send the certified mail envelope to the defendant at the address set forth in the caption of the complaint. See Emge, supra, at 63, 704 N.E.2d at 410; Bank OneCincinnati, N.A. v. Wells (Sept. 18, 1996), Hamilton App. No. C-950279, unreported. The address used by the plaintiff in the complaint will be assumed to be an address where it can be reasonably anticipated that the defendant will receive mail, in the absence of evidence to the contrary. See In re Estate of Popp (1994), 94 Ohio App.3d 640, 650, 641 N.E.2d 739,745; Grant v. Ivy (1980), 69 Ohio App.2d 40, 42-43, 429 N.E.2d 1188,1190; Wells, supra. Civ.R. 4.2(D) requires personal service upon a person confined in a penal institution at the place of incarceration. SeeConfidential Services, Inc. v. Dewey (Apr. 15, 1999), Franklin App. No. 98AP-905, unreported; Western Res. Mut. Cas. Co. v. Mills (Jan. 17, 1992), Montgomery App. 12897, unreported.
In addition to conforming to the civil rules, service of process must also comport with the requirements of due process. See Akron-CantonRegional Airport Auth. v. Swinehart (1980), 62 Ohio St.2d 403, 405-406,406 N.E.2d 811, 813-814; Wells, supra. Service of process is consistent with due-process standards where it is reasonably calculated to give interested parties notice of a pending action. See Swinehart, supra, at 406, 406 N.E.2d at 814; Mitchell v. Mitchell (1980), 64 Ohio St.2d 49,413 N.E.2d 1182, paragraph two of the syllabus.
In this case, Fryman was properly served with the summons and complaint at his place of incarceration, as required by the civil rules. Additionally, service at his place of incarceration was reasonably calculated to give him notice of the pending action. Fryman attempted to rebut the presumption that service was proper by claiming that he had never received service, and that he had had no notice of the suit against him. Nevertheless, this court has rejected the argument that a judgment entered upon a properly served summons and complaint must be vacated upon the defendant's claim that he or she did not receive service. We have held that a trial court need not vacate a judgment if it finds that the defendant's self-serving claim is not credible. See Emge, supra, at 64,705 N.E.2d at 410-411; Caldwell v. Alston (Oct. 2, 1996), Hamilton App. No. C-950688, unreported. In this case, the trial court found that Fryman's testimony was not credible, given the evidence that he clearly knew about the suit shortly after it was filed. Consequently, Fryman failed to rebut the presumption that service was proper, and the trial court did not err in failing to set aside the default judgment.
Fryman further contends that the judgment should have been set aside because an amended complaint was not properly served upon him. The only change in the amended complaint was an increase in the amount of damages sought. The version of Civ.R. 5 in effect at the time of the filing of the complaint and the amended complaint provided that no service was required on parties in default for failure to appear, except that pleadings asserting new or additional claims had to be served in the manner provided for the service of summons in Civ.R. 4 through 4.6. SeeHousehold Fin. Loan Corp. of Ohio v. Weisman (1984), 15 Ohio App.3d 16,17, 472 N.E.2d 65, 66. An amendment changing the amount of damages sought does not assert a new or additional claim requiring service of the amended complaint. See Continental Jewelers, Inc v. Edel Gems, Inc. (May 18, 1994), Hamilton App. No. C-930376, unreported. Because Fryman failed to appear in the action, he was not entitled to service of the amended complaint or any additional filings.
Consequently, the judgment against Fryman was not a void judgment that could be collaterally attacked at any time. See Sampson v. HooperHolmes, Inc. (1993), 91 Ohio App.3d 538, 540, 632 N.E.2d 1338, 1340;Fourth Plum Apts. v. Tuzzolino (June 23, 2000), Hamilton App. No. C-990568, unreported. The other issues that Fryman raises in regard to the amended complaint, if valid, would have rendered the judgment voidable. They could have been raised on direct appeal or in a timely motion for relief from judgment pursuant to Civ.R. 60(B). See Sulfridgev. Kindle (Sept. 25, 2001), Adams App. No. 00CA-700, unreported. However, relief from judgment under that rule would not have been proper because Fryman's motion was not timely filed, and he did not allege operative facts that would have supported a meritorious defense to the complaint. See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564, 566-567; GTE Automatic Elec. V. ARC Industries
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus; Claims Mgmt. Services, Inc. v. Tate (Sept. 29, 2000), Hamilton App. No. C-000034, unreported. Accordingly, we overrule Fryman's first assignment of error.
In his second assignment of error, Fryman contends that the trial court abused its discretion in ruling that Leman was entitled to funds not in his possession or in the possession of the Ohio Department of Rehabilitation and Correction. He contends that, because the funds were still in the hands of the federal district court, the trial court should have dismissed the garnishment proceedings.
Fryman contends that funds in his prison account and other monies could only be obtained pursuant to R.C. 5120.133. R.C. 5120.133(A) provides, in part, that "[t]he department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department." This statute authorizes the department to apply money in the prisoner's account to satisfy a prisoner's obligations. See State exrel. Pless v. McMonagle (2000), 139 Ohio App.3d 503, 506, 744 N.E.2d 274,276-277; State ex rel. Perotti v. McMonagle (Oct. 5, 2000), Cuyahoga App. No. 78295, unreported; State v. Costa (Sept. 3, 1999), Greene App. No. 99CA0014, unreported. However, the use of the word "may" in a statute indicates that the provision in which it is contained is optional, permissive or discretionary. See Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 107, 271 N.E.2d 834, 837; In re Galloway
(1991), 77 Ohio App.3d 61, 71, 601 N.E.2d 83, 90. Consequently, the decision whether to apply the prisoner's funds to pay the obligation is discretionary with prison officials. It is not the only remedy available to a creditor and does not require dismissal of the garnishment proceedings.
Property held by a third party is subject to garnishment to satisfy the debts of a judgment debtor when, at the time of service of the garnishment order, the judgment debtor has a right to or title to the property. If the judgment debtor has a contractual right to demand payment of the funds, then those funds held for the benefit of the judgment debtor may be subject to garnishment. On the other hand, where the judgment debtor has no present right to obtain the money or property from the garnishee, then the judgment creditor likewise has no right to the property. See Toledo Trust Co. v. Niedzwiecki (1993), 89 Ohio App.3d 754,757, 627 N.E.2d 616, 618.
The trial court denied Fryman's motion to dismiss the garnishment proceedings, but did not make any factual findings as to whether Fryman had a right to demand payment of the funds. The record does not contain sufficient information for us to judge the propriety of the trial court's ruling. Fryman acknowledges that he may have the right to some funds, but the amount of those funds is unclear. Further, it is unclear whether the notice of garnishment was issued to the proper entities, particularly given that the record contains no response from the garnishees as required by R.C. 2716.21. See Goralsky v. Taylor (1991), 59 Ohio St.3d 197,197, 571 N.E.2d 720, 721-722; Yardas v. United States (C.A.6, 1989),899 F.2d 550, 552. Consequently, we reverse in part the judgment entered below and remand this case for the trial court to make the appropriate factual findings relating to the motion to dismiss the garnishment. In all other respects, we affirm the judgment of the common pleas court.
Judgment affirmed in part and reversed in part, and cause remanded.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.