{¶ 32} I respectfully dissent from the majority opinion.
 {¶ 33} The majority notes the trial court found the funds were deposited by appellant for the benefit of Northern Valley on the bonded projects and pursuant to Goralsky v. Taylor (1991),59 Ohio St.3d 197, Northern Valley had a contractual right to demand the money. The majority states, "This conclusion is not in accordance with surety law in that the purpose of a bond on a project is not for the benefit of the defaulting contractor but for the protection of benefit of the project owners and perhaps the subcontractors . . ." (Majority Opinion at P. 13).[1]
While I concede my knowledge of surety law is limited, I disagree with the conclusion the purpose of the surety bond is not for the benefit of the defaulting contractor, Northern Valley.
 {¶ 34} Northern Valley was directly and legally liable to appellee as well as any other subcontractors on the project to whom it was in default of payment. Appellant was contractually bound as surety for any default by Northern Valley. When appellant provided funds to Northern Valley to pay Northern Valley's subcontractors in accordance with its (appellant's) surety obligation, Northern Valley's legal obligation to those subcontractors was satisfied. As such, I believe the trial court correctly recognized the funds deposited by appellant were for the benefit of Northern Valley. While I do not dispute the funds were ultimately distributed to and benefited Northern Valley's subcontractors, those subcontractors are third party beneficiaries of the surety agreement between appellant and Northern Valley. Although the subcontractors do derivatively benefit from the surety agreement, such does not diminish the direct, primary benefit to Northern Valley.
 {¶ 35} Unlike the majority, I find the trial court properly relied upon Goralsky. In Goralsky, the trust trustee had authority and control over the trust funds, not the judgment debtor. The judgment debtor had only an equitable interest in the trust funds, not actual control. In the case sub judice, Northern Valley had more than an equitable interest in the funds, it had a contractual right to the funds. Once appellant gave physical possession of the funds to Northern Valley, it had legal ownership and control of said funds. While Northern Valley may have orally agreed to use those funds in a specified way, Northern Valley, nevertheless, was clearly in legal possession of those funds. Any breach relative to the use of those funds may be grounds for a separate cause of action by appellant against Northern Valley, but such alleged breach is insufficient to defeat the claims of the judgment debtor herein.
 {¶ 36} I would overrule appellant's assignment of error and affirm the trial court's decision.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded. Costs assessed to Appellee.
[1] No authority is cited by the majority as for this proposition of surety law.