[Cite as *Weinberg v. Weinberg*, 2018-Ohio-2862.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ANDREW L. WEINBERG | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 27834 |
| | : | |
| v. | : | Trial Court Case No. 2017-MSC-160 |
| | : | |
| LESLIE WEINBERG, et al. | : | (Appeal from Probate Court) |
| | : | |
| *Defendants-Appellees* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of July, 2018.

. . . . . . . . . .

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
      Attorney for Plaintiff-Appellant

DAVID C. GREER, Atty. Reg. No. 0009090, and CHRISTINA M. FLANAGAN, Atty. Reg. No. 0087943, 6 North Main Street, Suite 400, Dayton, Ohio 45402
      Attorneys for Defendant-Appellee, Leslie Weinberg

HEATHER F. SHANNON, Atty. Reg. No. 0082580, 580 Lincoln Park Boulevard, Suite 399, Kettering, Ohio 45429
      Attorney for Carl D. Sherrets, Successor Trustee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, Andrew L. Weinberg, appeals from the probate court's judgment of December 7, 2017, overruling his motion for summary judgment and sustaining in part the reciprocal motion for summary judgment of Defendant-appellee, Leslie Weinberg. In a single assignment of error, Appellant argues that the decision should be reversed because the probate court: (1) granted summary judgment on his first cause of action—a challenge to the validity of a series of four assignments of interest—based on a misapplication of R.C. 2111.04(D); and (2) granted summary judgment on his second cause of action—a request for declaratory judgment—in disregard of evidence giving rise to a genuine issue of material fact. Although we concur with the court's conclusion that Appellant did not state a claim under R.C. 2111.04(D) on which relief could be granted, we find that the court erred by determining that Appellee met her burden to demonstrate the absence of any genuine issues of material fact regarding Appellant's claim for declaratory judgment. Therefore, we affirm the decision as it relates to Appellant's first cause of action, and we reverse the decision as it relates to Appellant's second cause of action.

## I. Facts and Procedural History

{¶ 2} The parties' father, Sylvan Weinberg, executed the "Agreement of Trust of Sylvan L. Weinberg" (the "Trust") on April 2, 2001, in order "to create a trust for the benefit of [his] spouse" and children, and "for the other uses and purposes" specified in the Trust's terms.[1] Compl. ¶ 1 and Ex. A. Weinberg, the settlor, appointed himself initial trustee

---

[1] The records of the probate court indicate that Sylvan Weinberg's spouse, Joan Weinberg, predeceased him on May 16, 2014.

and reserved the right to revoke the Trust. Ex. A. On August 14, 2012, Weinberg executed an amendment affecting the disposition of certain assets of the Trust after his death and designating a new successor trustee. *See* Ex. A.

{¶ 3} An attorney submitted an application to the probate court on April 1, 2014, seeking appointment as Weinberg's guardian. Decision Overruling Pl.'s Mot. for Summ. J. and Sustaining in Part Def.'s Mot. for Summ. J. 2, Dec. 7, 2017 [hereinafter Decision]. The application included a statement of expert evaluation completed on February 26, 2014, by Dr. Jilian Waite, who indicated that Weinberg appeared to be suffering from Alzheimer's type dementia and concluded that his condition would not improve. *Id.* Dr. Waite evaluated Weinberg's competence generally and did not opine upon his testamentary capacity. Appellant and Appellee filed waivers of notice in which they consented to the attorney's appointment. *Id.*

{¶ 4} Thereafter, Dr. Richard Bromberg conducted a psychological examination of Weinberg on July 18, 2014. *Id.* Dr. Bromberg determined that Weinberg "had moderate cognitive impairment and required assistance with the activities of daily living." But, based on findings that conflicted, to some extent, with Dr. Waite's findings, he concluded that Weinberg had "testamentary capacity based on the test" formulated by the Ohio Supreme Court "in *Niemes v. Niemes*, 97 Ohio St. 145, 150, 119 N.E. 503 (1917)." *Id.* at 2-3.

{¶ 5} With the foregoing application still pending, Weinberg executed a series of four assignments (collectively, the "Assignments") on behalf of the Trust on July 21, 2014, by which the Trust's interests in four Michigan-based limited partnerships were transferred to Appellee "effective upon the death of Sylvan L. Weinberg." *See* Aff. of

Arnold J. Jacob ¶ 4, Ex. 2, June 23, 2017.[2]  Two weeks afterward, on August 4, 2014, Carl D. Sherrets applied for appointment as guardian of Weinberg's estate, and on the same date, Appellee applied for appointment as guardian of Weinberg's person.[3]  *See* Decision 3-4.  Appellee supported her application with Dr. Waite's previously submitted expert evaluation.  *Id.* at 3.

**{¶ 6}** The probate court's docket indicates that the guardianship application of April 1, 2014, was never granted.[4]  On November 3, 2014, however, the probate court granted the applications submitted by Appellee and Carl Sherrets.  *Id.* at 3-4.  Sherrets was subsequently designated to serve as the Trust's successor trustee.[5]

**{¶ 7}** Weinberg died on January 17, 2017.  Aff. of Christina M. Flanagan ¶ 14.[6]  On May 1, 2017, Appellant filed his complaint challenging the validity of the Assignments. The complaint comprises three causes of action: (1) a claim that the Assignments are invalid as a matter of law pursuant to R.C. 2111.04(D); (2) a request for declaratory judgment that the Assignments are invalid because Weinberg lacked capacity to execute

---

[2] All four of the Assignments were attached as a single exhibit to Jacob's affidavit, which was filed in Case No. 2017 MSC 00160 on June 26, 2017.

[3] Sherrets, having been a party to the proceedings below, is also an appellee, but he was not named as a co-appellee in Andrew Weinberg's notice of appeal and did not file his own notice on behalf of the Trust or Sylvan Weinberg's estate.  As such, we refer exclusively to Leslie Weinberg as "Appellee" in this decision.

[4] The associated case was eventually closed on October 29, 2015.

[5] The parties have not specified the date on which Sherrets was designated successor trustee.  Filings in the probate court suggest that the designation was made at some point between September 9, 2015, and December 15, 2016, though the filings are not part of the record in the instant appeal.

[6] The jurat appended to Flanagan's affidavit certifies that the affidavit was executed in June 2017, but does not provide the precise date.

them; and (3) a claim that Weinberg executed the Assignments as the result of Appellee's exercise of undue influence. Compl. 20, 22 and 24. Appellant then filed a motion for summary judgment on May 31, 2017, after which Appellee filed a competing motion for summary judgment on June 26, 2017.

{¶ 8} On December 7, 2017, the probate court overruled Appellant's motion in its entirety and sustained Appellee's motion in part, dismissing Appellant's first and second causes of action. Decision 28. Regarding Appellant's third cause of action, the court overruled Appellee's motion because it determined that Appellant "presented evidence on each of the elements of undue influence" and cited facts in the record establishing a genuine issue of material fact on the question of whether Appellee "actually imposed undue influence on [Weinberg] at the time he executed" the Assignments. *Id.* Appellant timely filed his notice of appeal on December 12, 2017.

## II. Analysis

{¶ 9} For his sole assignment of error, Appellant contends that:

> THE TRIAL COURT ERRED IN DENYING ANDREW L. WEINBERG'S MOTION FOR SUMMARY JUDGMENT AND ERRED IN GRANTING IN PART LESLIE WEINBERG'S MOTION FOR SUMMARY JUDGMENT.

{¶ 10} With respect to the dismissal of his first cause of action, Appellant argues that the probate court mischaracterized the Assignments as analogous to payable-on-death accounts and testamentary dispositions in wills. *See* Appellant's Br. 6-7; Decision 16-17. He notes that each of the Assignments purports to effect a sale or transfer, and because Appellee had notice of a pending guardianship proceeding at the time the

Assignments were executed, Appellant insists that they were invalid as a matter of law pursuant to R.C. 2111.04(D). Appellant's Br. 6-7. With respect to the dismissal of Count 2 of the complaint, Appellant argues that the probate court failed to acknowledge evidence on record sufficient to give rise to a genuine issue of material fact regarding Sylvan Weinberg's capacity to execute the Assignments on behalf of the Trust. *See id.* at 9-10.

{¶ 11} Under Civ.R. 56, summary judgment is proper when: (1) a case presents no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶ 12} Initially, the movant bears the burden of establishing the absence of any genuine issues of material fact. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The movant may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose. *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or

more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party, in satisfying this requirement, may not rely merely upon the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Dresher* at 293, quoting Civ.R. 56(E); *Dalzell* at ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42.

{¶ 13} Here, Appellant argues that the probate court erred by determining that "no violation of R.C. 2111.04(D) occurred [as a matter of law]" because the Assignments did not effect an immediate delivery of assets to Appellee but, instead, deferred delivery until Sylvan Weinberg died. Appellant's Br. 6-7; Decision 18. Under R.C. 2111.04(D), "[f]rom [the date of] service of notice [of a guardianship proceeding] until the [date on which the] hearing [takes place], no sale, gift, conveyance, or encumbrance of the property of an alleged incompetent shall be valid as to persons having notice of the proceeding." Appellee implicitly concedes that she had notice of the guardianship proceeding instituted on April 1, 2014, during the pendency of which the Assignments were executed. Appellee's Br. 1 and 3-8; Appellant's Br. 1; Decision 2.

{¶ 14} Each of the Assignments states that "[f]or value received, [the] <u>Sylvan L. Weinberg Revocable Trust</u>, * * * <u>as owner</u> * * * does hereby sell, assign, and transfer unto [Appellee]" a certain interest in one of four Michigan-based limited partnerships. (Emphasis added.) Jacob Aff., Ex. 2. Trust "law is based on the concept of separate ownership of equitable and legal interests." *Hatch v. Lallo*, 9th Dist. Summit No. 20642, 2002 WL 462862, *2 (Mar. 27, 2002), citing *Jones v. Luplow*, 13 Ohio App. 428, 31 Ohio Ct. App. 517 (7th Dist.1920). In "a trust, the trustee (and not the beneficiary) holds legal

title to the trust corpus." (Citations omitted.) *Goralsky v. Taylor*, 59 Ohio St.3d 197, 198, 571 N.E.2d 720 (1991). The "beneficiary's interest—sometimes called the 'equitable title'—consists [only] of a right to the beneficial enjoyment of the corpus [that is] enforceable against the trustee." (Citations omitted.) *Id.* In this case, all four of the Assignments expressly indicate that the Trust, not Weinberg, was the "owner" of the partnership interests subject to eventual transfer. Jacob Aff., Ex. 2.

{¶ 15} On July 21, 2014, Weinberg remained trustee of the Trust and executed the Assignments not on his own behalf, but rather as trustee, and as noted, the Assignments state that the interests subject to transfer on Weinberg's death were owned not by Weinberg himself, but by the Trust. *Id.* The "law does not require that a settlor, who also serves as trustee of a trust established by declaration," transfer legal title to property to be donated to the trust inasmuch as "the trustee already holds legal title," meaning that the "mere declaration that [certain] property is held in trust, * * * is sufficient to create a trust." *Hatch* at *2; *see also Stephenson v. Stephenson*, 163 Ohio App.3d 109, 2005-Ohio-4358, 836 N.E.2d 628, ¶ 17 (9th Dist.), citing *Hatch*; *Cartwright v. Batner*, 2014-Ohio-2995, 15 N.E.3d 401, ¶ 40-42 (2d Dist.), citing *Stephenson* at ¶ 6-18.

{¶ 16} We find that the trial court did not err by dismissing Appellant's first cause of action. By specifying that the partnership interests were legally owned by the Trust, rather than by Weinberg personally, the Assignments demonstrate that Weinberg had already transferred legal ownership of the interests to the trust, or at least had intended that the Trust hold legal title, which was sufficient to establish the Trust's legal ownership of the interests. *See Hatch* at *2; *Stephenson* at ¶ 17; *Cartwright* at ¶ 40-42. R.C. 2111.04(D), however, applies only to the "sale, gift, conveyance, or encumbrance of the

property of an alleged incompetent." (Emphasis added.) Consequently, because the partnership interests had already been "separated * * * from the balance of [Weinberg's] personal property," on July 21, 2014, the provisions of R.C. 2111.04(D) did not apply to the Assignments. *Stephenson* at ¶ 17.

{¶ 17} Furthermore, we concur with the probate court's conclusion that R.C. 2111.04(D) contemplates completed, as opposed to prospective, "sale[s], gift[s], conveyance[s], or encumbrance[s]" of the property of an alleged incompetent. *See* Decision 18. Revocable or not, the Assignments expressly deferred the transfer of the partnership interests until a future date.[7]

{¶ 18} Regarding his second cause of action, Appellant argues that the probate court erred by finding that the evidence did not give rise to any genuine issue of material fact on the question of Weinberg's capacity to execute the Assignments. Appellant's Br. 9-10. The probate court determined, and we agree, that "principles of contract law apply to determine [whether Weinberg had] capacity to execute the Assignments" because the Assignments themselves were contracts. Decision 20.

{¶ 19} The "proper test for mental competency to contract is whether the person claimed to be incompetent understood the nature of the transaction and the effects of his * * * own actions." (Citation omitted.) *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 658, 626 N.E.2d 1017 (8th Dist.1993); *see also, e.g., Miller v. Miller*, 7th Dist. Mahoning No. 05 MA 11, 2006-Ohio-1288, ¶ 11. Because the probate court treated the Assignments as testamentary instruments, it applied the "similar" test for testamentary capacity

---

[7] We need not determine at present whether the Assignments were revocable and therefore take no position on the issue.

articulated by the Ohio Supreme Court in *Niemes v. Niemes*, 97 Ohio St. 145, 150, 119 N.E. 503 (1917). Decision 21. According to the *Niemes* test, "[t]estamentary capacity exists where the testator has sufficient mind and memory (1) to understand the nature of the business in which he is engaged, (2) to comprehend generally the nature and extent of his property, (3) to hold in his mind the names and identities of those who had natural claims upon his bounty, and (4) to be able to appreciate his relation to members of his family." *Giurbino* at 658-659, citing *Niemes* at syllabus and *Taylor v. Garinger*, 30 Ohio App.3d 184, 507 N.E.2d 406 (12th Dist.1986), syllabus.

{¶ 20} Dr. Bromberg "used the *Niemes* test when he evaluated [Weinberg] on July 18, 2014," and found that despite exhibiting moderate cognitive impairment and "requir[ing] assistance [with] performing * * * daily activities," Weinberg "nonetheless possessed an acceptable level of testamentary capacity." Decision 22. The probate court held that Dr. Waite's evaluation, completed on February 6, 2014, was insufficient to give rise to a genuine issue of fact on the question of capacity vis-à-vis Dr. Bromberg's evaluation, because Dr. Waite "failed to address the *Niemes* factors" in her report "or otherwise show that [Weinberg] lacked testamentary capacity." *Id.* at 23. For that matter, the court observed that because "testamentary capacity is determined as of the date of the execution of [an] instrument," Dr. Waite's evaluation was inadequate in comparison to Dr. Bromberg's evaluation, given that the former was completed "[approximately five] months prior" to Weinberg's execution of the Assignments, whereas the latter was completed only three days prior. (Emphasis omitted.) *See id.*

{¶ 21} We find that the probate court erred by holding that the evidence did not give rise to a genuine issue of material fact regarding Weinberg's capacity to execute the

Assignments. Dr. Waite indicated specifically that Weinberg could not manage his finances and property, and during her evaluation, she remarked that he could not recall either the month or year. *See* Decision 23. She concluded that Weinberg's condition was not reversible. *Id.* at 2. Dr. Bromberg, on the other hand, indicated in his report that Weinberg understood "the nature and extent of his property." *Id.* at 22. Thus, the two expert opinions directly conflict on the material question of whether Weinberg sufficiently understood the nature and extent of his property to have testamentary capacity, irrespective of the fact that Dr. Waite did not expressly refer to the *Niemes* test. Moreover, regardless of the dates on which the evaluations were completed, if Dr. Waite correctly diagnosed the progressive nature of Weinberg's condition on February 26, 2014, his condition five months later would, at best, have been unchanged.

{¶ 22} In addition, Appellant's counsel filed an affidavit with the probate court on July 19, 2017, in support of Appellant's motion for summary judgment. Attached to the affidavit is a letter from Appellee to the probate court dated February 7, 2013, in which Appellee cites examples calling Weinberg's competence into doubt, emphasizing his vulnerability and asking to be appointed his guardian. Aff. of Gary C. Schaengold ¶ 4 and Ex. 1, July 19, 2017.[8] The trial court should have considered the letter as evidence in connection with Appellant's second and third causes of action; though the letter "predates the allegations of undue influence * * * at issue in this action," Decision 25, the substance of the letter is relevant and had at least some probative value for purposes of resolving the questions of Weinberg's competence and Appellee's alleged exercise of undue influence.

---

[8] Appellee's letter is attached to the affidavit as an unlabeled exhibit.

**{¶ 23}** It is finally noted that our decision in *In re March*, 2d Dist. Greene No. 2010 CA 78, 2011-Ohio-5554 is factually distinguishable. The issues in *March* were whether the decedent, Clara March, who suffered from (Alzheimer's type) dementia, had the requisite testamentary capacity when she executed a new, handwritten will leaving all of her assets to her son and his wife, with this having the effect of disinheriting her remaining child, a daughter. The trial court granted summary judgment in favor of March's son and his wife on the issues of testamentary capacity and undue influence. We sustained the grant of summary judgment on the testamentary capacity issue but reversed the trial court's summary judgment on the issue of undue influence.

**{¶ 24}** On the issue of testamentary capacity, we stated that, "even accepting the evidence of [March's] dementia/Alzheimer's as true, 'it is not enough that the testator had Alzheimer's disease at the time the will was executed. The [person contesting the will] must show that Alzheimer's actually affected the testator's capacity to execute the will.' " *March* at ¶ 34, quoting *In re Goehring*, 7th Dist. Columbiana Nos. 05 CO 27, 05 CO 35, 2007-Ohio-1133, ¶ 54. (Remaining citations omitted). We concluded, based upon the summary judgment record, that there was not a genuine issue of fact that March's Alzheimer's disease affected her testamentary capacity to execute the new will.

**{¶ 25}** March's contested handwritten will stated in full as follows:

Because of all the legal problems [my daughter and her husband] are causing, I am afraid my final wishes will be ignored. To prevent this from happening, this is my new will. I leave *everything* to my son [and his wife]. I love you all very much.

(Emphasis sic). *Id.* at ¶ 7. The will was signed and dated by March and

witnessed by the priest and secretary of the Episcopal church she attended.

{¶ 26} The summary judgment record included the priest's deposition testimony regarding March's execution of the new will. The priest's testimony did not indicate that she had any concerns with March's mental capacity, and, as we noted, "[t]he will, on its face, indicates that [March] knew her children, and the 'legal problems' that were occurring, and her statements to [the priest and secretary] constitute further evidence that she understood what she was doing when she had the new will witnessed." *Id.* at ¶ 27.

{¶ 27} In addition, the summary judgment record included the deposition testimony of March's daughter and her husband. This testimony indicated that in the relevant time period March knew her children and their respective spouses, that she remembered the recent sale of her condominium and the furnishings she owned, that she had some personal property in storage, that she, though she did not know the full details, had certain investments, and that her daughter's husband had recently filed a petition for guardianship. This fully developed summary judgment record allowed us to conclude that the case presented no genuine factual dispute as to March's testamentary capacity when she executed the new will.

{¶ 28} In the pending case, in contrast to *March,* the summary judgment record is relatively sparse. Further, and more importantly, the record, in particular Dr. Waite's indication that Weinberg could not manage his finances and property and Appellee's concerns regarding her father's mental capacity expressed in her February 7, 2013 letter to Judge McCollum, create a genuine issue of material fact regarding Weinberg's testamentary capacity when he executed the Assignments.

### III. Conclusion

**{¶ 29}** With respect to Appellant's first cause of action, we find that Appellant did not state a claim under R.C. 2111.04(D) on which relief could be granted because the statute is inapplicable to the Assignments. With respect to Appellant's second cause of action, we find that the probate court erred by holding that the evidence did not give rise to a genuine issue of material fact on the question of Weinberg's capacity. Appellant's assignment of error is accordingly sustained in part and reversed in part, and the probate court's judgment of December 7, 2017, is affirmed as it relates to Appellant's first cause of action and reversed as it relates to Appellant's second cause of action. The matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Gary C. Schaengold
David C. Greer
Christina M. Flanagan
Heather F. Shannon
Hon. Alice O. McCollum