[Cite as *Yantos v. Berardo*, 2024-Ohio-4961.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| BRITTANY YANTOS, et al., | : | |
| Appellees, | : | CASE NO. CA2024-05-028 |
| | : | O P I N I O N |
| - vs - | | 10/15/2024 |
| | : | |
| LUIGI BERARDO, et al., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 07 CV 68694

Kaufman & Florence, and William Robert Kaufman, for appellees.

Gibbs Law Firm, LLC, and Jonathan D. Gibbs, for appellants.


**HENDRICKSON, J.**

{¶ 1} Appellant, Luigi Berardo, appeals the entry and order of the Warren County Court of Common Pleas finding him in contempt for violating prior court orders regarding the payment of a prior judgment. For the reasons discussed below, we affirm in part, reverse in part, and remand to the trial court for the purpose of correcting the total purge amount appellant is ordered to pay.

## I. Factual and Procedural Background

{¶ 2}  In June 2007, Appellees, Brittany and Andrea Yantos, filed suit against Berardo for assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.  A jury returned verdicts in favor of Brittany Yantos for $10,000 and Andrea Yantos for $136,500.  In November 2011, Berardo made a payment of $5,788.84 toward the judgment, after which the matter became dormant.

{¶ 3}  On August 26, 2021, the plaintiffs moved to revive the judgment in the amount of $130,711.16 in favor of Andrea Yantos and $10,000 in favor of Brittany Yantos. On November 8, 2021, the trial court granted the motion and the judgment totaling $140,711.16 plus statutory interest was revived.

{¶ 4}  Berardo owns two businesses, Luigi's Old World Market, LLC ("LOWM"), and Luigi's Hospitality, LLC ("LH").  Berardo is the sole member of both LLCs.  On January 18, 2022, the trial court issued an order: (1) charging LOWM and LH with payment of the unpaid balance of the plaintiffs' judgment in the amount of $140,711.16 plus statutory interest from November 8, 2021; (2) ordering all distributions of cash and other property, and all allocation of profits, losses, income, gains, deductions, credits, or similar items that would otherwise be made to Berardo by LOWM and LH to be made instead to the plaintiffs in reduction of their judgment; and (3) ordering Berardo, in his capacity as sole member of LOWM and LH, to make no payments to himself on account of his interest in the companies.

{¶ 5}  However, Berardo regularly paid himself $750 per week as an employee of LH through LH's regular payroll to cover his living expenses.  On September 30, 2022, the plaintiffs filed an "Affidavit, Order and Notice of Garnishment and Answer of Employer" pursuant to R.C. 2716.02, seeking garnishment of Berardo's personal earnings from LH. On October 25, 2022, LH filed both an interim report and answer of garnishee and a final

report and answer of garnishee, and subsequently paid garnishments to the plaintiffs.

{¶ 6} On June 1, 2023, Berardo, LOWM, and LH were found in contempt of court for violating the January 18, 2022 charging order because Berardo made distributions to himself using company debit/credit cards for personal expenditures. Berardo, LOWM, and LH were ordered to pay $60,696.79 to the plaintiffs or be sentenced to 14 days in the Warren County Jail.

{¶ 7} In June of 2023, Berardo sold the assets of LOWM to Kuhlmann's Fine Meats for a purchase price of $125,000 (the "Kuhlmann Contract"). Berardo received a down payment of $35,000 for the sale, with the remaining purchase price paid in $2,500 monthly installment payments. Berardo received $5,000 of the down payment in cash and the remaining $30,000 by check. Berardo received one $2,500 installment from Kuhlmann's in July 2023, but payments subsequently stopped because Kuhlmann's discovered that LOWM's liquor license was invalid, when inclusion of the license was a term of the sale. Using $10,000 from the proceeds of the sale, Berardo made a partial payment to the plaintiffs in a collection deferral agreement and the June 1, 2023 contempt order was purged. Berardo also used $4,647.56 to pay LOWM's creditors, but the rest of the proceeds were unaccounted for.

{¶ 8} From August 22, 2023 through October 29, 2023, LH failed to garnish funds from Berardo's wages. Although LH issued paychecks to Berardo for that period, Berardo deliberately chose not to cash them, citing a lack of funds in the business to make payroll for his other employees. During this time, $5,250 should have been garnished.

{¶ 9} On January 11, 2024, the plaintiffs filed a motion to show cause, seeking to hold Berardo, LOWM, and LH in contempt, raising three arguments: (1) that LH be held in contempt for failing to comply with a wage garnishment on Berardo's wages from August 22, 2023 through October 29, 2023; (2) that Berardo, LH and LOWM be held in

contempt for violating the Court's January 18, 2022 charging order; and (3) that Berardo and LOWM be held in contempt for entering into a sale of LOWM's assets without paying Berardo's debt to the plaintiffs out of the profits from that sale.

{¶ 10} A show cause hearing was held before a magistrate on February 29, 2024 and Berardo was the sole witness to testify. On March 4, 2024, the magistrate found LOWM, LH, and Berardo in contempt for violating the January 18, 2022 charging order and failing to comply with the garnishment order. The magistrate ordered that Berardo, in his individual capacity and as sole member of LOWM and LH, be sentenced to serve 30 days in the Warren County Jail. The magistrate further ordered that "the sentence can be purged upon payment of $25,250 ($5,250 in past wage garnishments, plus the $5,000 cash payment from the Kuhlmann Contract, plus half of the $30,000 down payment under the Kuhlmann Contract) to Plaintiffs, compliance with this Court's garnishment order, and compliance with this Court's charging order."

{¶ 11} On March 14, 2024, Berardo, LOWM, and LH collectively filed a motion to set aside the magistrate's order. On April 17, 2024, the trial court journalized an order and entry denying the motion to set aside the magistrate's March 4, 2024 order. The trial court found Berardo, LOWM, and LH in contempt of court, sentenced Berardo to serve 30 days in the Warren County Jail, and ordered that the sentence could be purged upon payment of $25,250 to the plaintiffs, compliance with the court's garnishment order, and compliance with the court's charging order.

{¶ 12} On May 17, 2024, Berardo appealed to this court in his individual capacity. LOWM and LH did not appeal. Berardo raises two assignments of error for our review.

**II. Legal Analysis**

{¶ 13} Assignment of Error No. 1:

THE TRIAL COURT ERRED IN DENYING THE MOTION TO
SET ASIDE THE MAGISTRATE'S MARCH 4, 2024 ORDER
FINDING APPELLANTS IN CONTEMPT.

{¶ 14} In his first assignment of error, Berardo raises two issues. We will address them in order.

{¶ 15} First, Berardo asserts that the uncashed checks he received from LH "do not constitute 'received' property for garnishment." Berardo argues that he deliberately chose not to cash his paychecks, intending to keep the funds within the business, therefore the uncashed checks do not constitute payments subject to garnishment. We disagree.

{¶ 16} "Property held by a third party is subject to garnishment to satisfy the debts of a judgment debtor when, at the time of the service of the garnishment order, the judgment debtor has a right or title to the property. . . . On the other hand, where the judgment debtor himself has no present right to obtain the money or property from the garnishee, then the judgment creditor likewise has no right to the property." *Liverpool v. Buckeye Water Dist.*, 2012-Ohio-2821, ¶ 36, quoting *Toledo Trust Co. v. Niedzwiecki*, 89 Ohio App.3d 754, 757 (6th Dist.1993). Where an employee is a judgment debtor and the employer is a garnishee, the property being garnished is, strictly speaking, not the funds themselves, but the debtor's contractual right to receive them. *See Goralsky v. Taylor*, 59 Ohio St.3d 197, 198 (1991).

{¶ 17} Berardo cites *Zeigler Milling Co. v. Denman*, 79 Ohio App. 250 (5th Dist. 1946), for the proposition that "Payment. . . does not take place until the creditor or his duly authorized agent receives and cashes it," thus because he did not cash his paycheck, there was no payment that could be garnished. This is incorrect. *Zeigler* is a case concerning the admissibility into evidence of a check stub offered as evidence of the issuance and delivery of a check for payment. It is not applicable to the garnishment of

wages. A debtor, such as Berardo, may not avoid the garnishment of his wages simply by holding onto and not cashing his paychecks. Berardo testified that he paid himself $750 per week as an employee of LH through LH's payroll. Regardless of whether LH had the funds available to pay Berardo his salary or whether payment was effected, Berardo had a right to receive the funds as an employee of LH. Berardo drew paychecks from LH's payroll for the labor and services he rendered to LH. Therefore, the plaintiffs (as Berardo's creditors) had a right to collect a garnishment of those funds from LH.

{¶ 18} Second, Berardo asserts that insufficient evidence exists to prove he personally received funds from the sale of LOWM. We disagree. Under the Kuhlman Contract, Berardo received checks for $30,000 and $2,500, made out to Luigi Berardo as opposed to Luigi's Olde World Market, LLC, as well as $5000 in cash. Berardo's testimony that the proceeds were used exclusively to settle outstanding debts associated with LOWM was self-serving—in fact, the exhibits he supplied as evidence of these debts showed payments totaling only $4,647.56 as of September 2023. Besides this $4,647.56, and the $10,000 that was paid to the plaintiffs, the rest of the proceeds from the Kuhlman Contract were unaccounted for. Therefore, the magistrate properly found that Berardo had received funds from the sale of LOWM while failing to pay the plaintiffs.

{¶ 19} The trial court did not err in denying Berardo's motion to set aside the magistrate's order. Berardo's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

> THE TRIAL COURT ERRED IN PERMITTING THE MAGISTRATE TO FIND DEFENDANTS IN CONTEMPT FOR THE ENTIRE AMOUNT THAT EXCEEDS THE STATUTORY LIMIT OF GARNISHING WAGES UNDER OHIO LAW.

{¶ 21} In his second assignment of error, Berardo argues that Ohio law caps wage garnishment to no more than 25 percent of disposable earnings, and the magistrate erred

by ordering essentially a 100 percent garnishment of the wages he received—$5,250 in wages as an employee of LH, and $35,000 from the sale of LOWM. Berardo is correct with regard to his personal earnings from LH, but incorrect with regard to the proceeds from the sale of LOWM.

{¶ 22} R.C. 2716.01 defines personal earnings as "money, or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer." R.C. 2716.02 sets forth how a person seeking an order of garnishment of personal earnings shall make such a demand. It is well established that R.C. 2716.02 limits the monthly garnishment amount to 25 percent of the debtor's personal earnings. *See State v. Thompson*, 2023-Ohio-4805, ¶ 46 (10th Dist.); *State v. Baker*, 2016-Ohio-315, ¶ 30 (2d Dist.).

{¶ 23} Here, the plaintiffs sought and obtained garnishment of Berardo's personal earnings from LH pursuant to R.C. 2716.02. Berardo paid himself as an employee of LH from LH's regular payroll for the work he performed at LH. Thus, the $5,250 in wages due to Berardo from LH qualify as personal earnings and the monthly garnishment is capped at 25 percent. Therefore, the trial court should have found that $1,312.50 was owed to the plaintiffs for unpaid wage garnishments instead of $5,250. However, the $5,000 cash payment and one-half of the $30,000 downpayment under the Kuhlman Contract are proceeds from the sale of an asset (LOWM), they are not personal earnings for services rendered to an employer. Consequently, the payment due to the plaintiffs from the Kuhlman Contract proceeds is not capped at 25 percent.

{¶ 24} The trial court erred when it calculated the total amount the defendants had to pay the plaintiffs in order to purge the contempt order by including 100 percent of Berardo's personal earnings from LH for the period from August 22, 2023 through October 29, 2023. Instead, the total purge amount should be $21,312.50 to reflect the 25 percent

cap on garnishments of personal earnings.

{¶ 25} Berardo's second assignment of error is sustained in part and overruled in part.

### III. Conclusion

{¶ 26} The trial court did not err in finding Berardo's uncashed checks from LH were personal earnings subject to garnishment and did not err in finding that Berardo had received funds from the sale of LOWM that should have been paid to the plaintiffs. However, the trial court erred in calculating the total amount Berardo, LOWM, and LH had to pay to the plaintiffs in order to purge the contempt order when it did not cap the garnishment of Berardo's personal earnings from LH at 25 percent. Therefore, the total purge amount should be $21,312.50

{¶ 27} Judgment affirmed in part, reversed in part, and remanded for the purpose of correcting the total purge amount.

S. POWELL, P.J., and PIPER, J., concur.